CHARLES A. REED *v.* SARAH F. AND FRANK L. NEWCOMB.

*Party not concluded in subsequent suit by written assignment for benefit of creditors. Relationship of magistrate.*

1. A party making an assignment for the benefit of creditors, under seal, in accordance with R. L. ch. 94, is not concluded by the recitals in the instrument of assignment in a subsequent suit between himself and a creditor therein named.

2. And he may show that he was induced to execute said instrument of assignment by the fraudulent representations of a third party as to the matter upon which it is sought to conclude him.

3. The fact that the magistrate taking a deposition is second cousin to the party offering it is no ground for its exclusion, that not being a relationship within the fourth degree.

This was an action of general assumpsit. Plea, the general issue. Trial by court at the March Term, Washington County, 1889, ROYCE, Ch. J., presiding.

The plaintiff claimed to recover the sum of $124 with interest from Jan. 1st, 1883, it being a balance due him for cattle furnished the defendant, Frank L. Newcomb. Frank L. was the husband of the defendant, Sarah F. The cattle were charged by the plaintiff to " Frank L. Newcomb, agt. for Sarah F. Newcomb," and the issue was whether he was in fact such agent, with authority to bind her, or whether the business was conducted on his own account. It appeared that prior to the spring of 1880 the business had been carried on by the firm of Bagley & Newcomb, the Newcomb being the said Frank L. At that time Bagley sold out and retired from the firm. Mrs. Newcomb's money paid for his interest, but the business was conducted under the name of Frank L. Newcomb alone. The name of the wife appeared only on the bank book of deposit, which was to Frank L. Newcomb, agt. of Sarah F. Newcomb. The defendant, Sarah F.,

claimed that she had never been either a partner nor the principal in the business, but that she had loaned to her husband the money with which he bought Bagley's interest.

In March, 1883, the defendants made an assignment for the benefit of creditors, under R. L. ch. 94.

This instrument was under seal, and recited that Sarah F. Newcomb had been in the butcher business, and that said business had been transacted for her by her agent, Frank L Newcomb. It was introduced by the plaintiff on trial. The defendant, Sarah F., offered to testify that the fact therein recited as to her conduct of said butcher business was not true; that when she signed the paper she did not know the contents of it, and was induced to sign it by the fraudulent representations of her husband. The court excluded the evidence, and held that she was bound by the recital in said assignment.

The plaintiff's attorney produced, on trial, the deposition of the plaintiff, to the admission of which the defendants objected, for that the magistrate taking the same was a second cousin of the plaintiff. The deposition was admitted subject to the objection.

Upon the above facts the court gave judgment for the plaintiff, and the defendants excepted.

*T. J. Deavitt*, for the defendants.

The written instrument was not executed between the parties to this suit, hence the defendant is not barred by its terms with reference to this suit. 40 Vt. 520; *Morse* v. *Huntington*, 40 Vt. 494; *Berlin* v. *Norwich*, 10 John. 229; *Whitebeck* v. *Whitebeck*, 9 Cow. 270.

Evidence of the fact that she was induced to sign it by fraud should have been received. 1 Greenl. Ev. s. 284; 2 Phil. Ev. (3d Ed.) 355, 367, 368; 1 Best Ev. s. 227; *Barreda* v. *Silsbee*, 21 How. 146 and cases there cited.

*Geo. W. Wing* and *T. R. Gordon*, for the plaintiff.

The notary and plaintiff are not related within the fourth degree. R. L. s. 692; *Churchill* v. *Churchill*, 12 Vt. 661.

The defendant, Sarah F., having signed and sealed this instrument of assignment, can no more contradict it than she could. her deed. *Vt. Cent. R. R. Co.* v. *The Est. of Hills*, 23 Vt. 684 ; *Abbott et al.* v. *Choate et al.*, 47 Vt. 53 ; *Smith* v. *Fitzgerald*, 59 Vt. 451 ; *Bend* v. *Susquehanna Co.*, Har. & John. (Md.) 128 ; *Driscoll* v. *Fiske*, 21 Pick. 503 ; *Aldrich* v. *Hapgood*, 39 Vt. 617.

The opinion of the court was delivered by.

Powers, J. No copy of the deposition of the plaintiff has been furnished us. The objections, therefore, noted in the deposition are not before us.

It was objected that the notary before whom the deposition was made was incompetent for that he was a second cousin of the plaintiff. The case of *Churchill* v. *Churchill*, 12 Vt. 661, is decisive on this point against the defendants. Under our law first cousins are of the fourth degree of relationship, and all relationship beyond them is beyond the fourth degree.

The assignment made by the defendants for the benefit of creditors recited, among other things, that Frank L. Newcomb was the agent of the defendant, Sarah F., in carrying on business. This instrument was executed under the hands and seals of both defendants, and was made under the provisions of chapter 94, R. L., for the benefit of creditors, and the plaintiff was named as a creditor of Sarah F., who was declared in the assignment to be the principal in the business. This assignment obviously was admissible in evidence, as it contained an admission that Sarah F. was conducting the business in the progress of which the plaintiff's account accrued. But we do not think that it is a conclusive admission, admitting of no contradiction, as claimed by the plaintiff.

The plaintiff was no party to the assignment. It was a voluntary proceeding on the part of the defendants, and so as to the plaintiff was *res inter alios acta*. It does not stand like the recitals in deeds, bonds and other instruments executed by and to the parties to such instruments. But even if it did, fraud in

the execution of the instrument might be shown in a suit at law based upon it. If the execution of an instrument under seal even be effected by fraud, it is not a valid instrument. It is not the true contract of the parties.

The defendant, Sarah F., offered to show that her signature to the assignment was procured by fraudulent representations of her husband, and the court excluded the evidence. This was error. The authorities cited by defendants are plus on this point.

*Judgment reversed and cause remanded for new trial.*