BOYER *v.* BACKUS.

ON MOTION FOR RECONSIDERATION OF DENIAL OF REHEARING.

1. JUDGES—DISQUALIFICATION—CONSANGUINITY—STATUTES—WAIVER.
   In this State disqualification of a judge on the ground of consanguinity to an attorney in a case before such judge is statutory, which disqualification is deemed waived unless the objection on account of it shall have been filed in writing at or before the commencement of the trial or hearing (3 Comp. Laws 1929, § 13888).

2. COMMON LAW—STATUTES.
   The common law does not remain in force if it appears that a rule thereof has been changed by statute.

3. JUDGES—FIRST COUSIN OF ATTORNEY NOT DISQUALIFIED—CIVIL LAW.
   Consanguinity is reckoned according to the civil law, and a judge who is a first cousin of one of the attorneys in a case is not disqualified as he is in the fourth degree of consanguinity (3 Comp. Laws 1929, §§ 13444, 13888).

4. SAME—DISQUALIFICATION—INTEREST—DIRECTOR OF CORPORATE CUSTODIAN FOR SAFE KEEPING.
   Justice of Supreme Court who had been a director of corporate custodian for safe keeping of securities belonging to a trust estate prior to commencement of his service as justice, which custodian had been made a nominal party in litigation while he was such a director *held*, not disqualified from participation in decision of case involving determination of subsequently arising dispute between heirs of settlor of the trust and widow of one whom she claims was the beneficiary.

5. APPEAL AND ERROR—RECONSIDERATION OF DENIAL OF REHEARING—
   AVAILABLE QUORUM OF JUSTICES.

 Reconsideration of denial of rehearing of case is denied where,
 even if disqualification of one justice of Supreme Court be con-
 ceded, none of remaining six available for quorum is of the
 opinion rehearing should be granted.

Appeal from Wayne; Callender (Sherman D.), J.
Submitted October 20, 1937. (Docket No. 121, Cal-
endar No. 39,757.) Decided December 15, 1937.
Rehearing denied February 25, 1938. Reconsidera-
tion of denial of application for rehearing denied
June 30, 1938. Certiorari to Supreme Court of the
United States denied November 7, 1938.

Bill by Laura Miller Boyer, administratrix with
will annexed and sole legatee under the will of My-
ron L. Boyer, deceased, against Standish Backus
and others, executors and trustees under the will of
Joseph Boyer, deceased, and others to recover pos-
session of certain stocks, bonds and cash retained in
a trust and for an accounting and other relief. De-
cree for plaintiff. Defendants appeal. Plaintiff
cross-appeals. Reversed and bill dismissed. On
motion for reconsideration of denial of application
for rehearing because of alleged disqualification of
a justice. Reconsideration denied.

*Howard H. Campbell* and *Hollis H. Harshman*
(*John S. McDonald,* of counsel), for plaintiff.

 *Butzel, Eaman, Long, Gust & Bills* (*Thomas G.
Long,* of counsel), for defendants.

PER CURIAM. Plaintiff by motion seeks reconsid-
eration of her application for rehearing heretofore
considered and denied.* She bases her present mo-

---

 * See *ante,* 593, 596.—REPORTER.

tion on the claim that one of the justices who participated in the original decision was disqualified, alleging that he is related within the third degree of consanguinity to a member of the law firm which represented defendants and also that his business and professional relations were such as to have disqualified him because of interest. We find each of these contentions of plaintiff is unfounded and each is completely refuted by the record made incident to this motion.

The justice whose qualifications are attacked became a member of this court in July, 1929. He is a first cousin of a member of the firm which appeared for defendants. In this State disqualification of a judge on the ground of consanguinity to an attorney in a case before such judge is statutory.

"No judge of any court shall sit as such in any cause or proceeding in which he is a party, or in which he is interested, or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties; * * * Nor shall any judge sit as a court in any cause in which he is related within the third degree of consanguinity to either of the attorneys or counselors of either party to said cause: Provided, That such last mentioned disqualification be made to appear and that it may be waived by stipulation filed in the cause; and it shall be deemed to have been waived unless the objection on account of such qualification [disqualification] shall have been filed in writing at or before the commencement of the trial or hearing." 3 Comp. Laws 1929, § 13888 (Stat. Ann. § 27.466).

We pass the proviso as to the waiver of disqualification which obviously is here applicable since such disqualification "shall be deemed to have been waived unless the objection on account of such qual-

ification (disqualification) shall have been filed in writing at or before the commencement of the trial or hearing." See *Gunn* v. *Gunn,* 205 Mich. 198.

At this hearing a controversy has arisen between plaintiff, who claims that in determining the degree of consanguinity the canon law should be followed, and the defendants, who assert that the rule of civil law prevails in this jurisdiction. We think it must be held that the rule of the civil law prevails. We are mindful some authorities have stated that the canon law became a part of the common law in this particular, and from this it is asserted that the canon-law rule should be followed by the courts of this State. But the common law does not remain in force if it appears that the rule has been changed by statute. Doubtless the field of the law in which the courts are most commonly confronted with the necessity of determining the degree of relationship is that which has to do with the descent and distribution of property of deceased persons. Presumably on this account it is in this field that the legislature has definitely announced the rule. We quote:

"The degrees of kindred shall be computed according to the rules of the civil law." 3 Comp. Laws 1929, § 13444 (Stat. Ann. § 26.985).

While the doctrine may not be literally applicable, in other states statutory provisions of the character last above quoted have been considered as *in pari materia* with statutes embodying provisions as to consanguinity for other purposes. *Churchill* v. *Churchill,* 12 Vt. 661; *O'Berry* v. *State,* 153 Ga. 644 (113 S. E. 2); *Ex parte Kreps,* 61 S. C. 29 (39 S. E. 181). The law of this State as to disqualification of judicial officers because of consanguinity was adopted from the State of New York. *Bliss* v. *Caille Brothers Co.,* 149 Mich. 601. In that State

the rules of civil law are followed in determining degrees of consanguinity. *Paddock* v. *Wells,* 2 Barb. Ch. (N. Y.) 331; *People* v. *Clark,* 62 Hun (69 N. Y. Sup. Ct.), 84. According to the rules of civil law,* which in matters of consanguinity prevail in Michigan, the justice whose qualifications are now attacked was not disqualified. 3 Comp. Laws 1929, § 13888 (Stat. Ann. § 27.466). He was not related nearer than the fourth degree to the lawyer who was a member of the firm of attorneys appearing for defendants.

Among the many cases holding that the rules of civil law should be followed in determining the degree of consanguinity are the following: *Ex parte Kreps, supra; O'Berry* v. *State, supra; Bailey* v. *Turner,* 108 Kan. 856 (197 Pac. 214); *Kahn* v. *Reedy,* 4 Ohio C. D. 284; *Tegarden* v. *Phillips,* 14 Ind. App. 27 (42 N. E. 549); *Churchill* v. *Churchill, supra; Read* v. *Newcomb,* 62 Vt. 75 (19 Atl. 367); *Oakley* v. *Aspinwall,* 3 Comstock (N. Y.), 547; *Paddock* v. *Wells, supra; People* v. *Clark, supra; Chase* v. *Weston,* 75 Iowa, 159 (39 N. W. 246); *Sanborn* v. *Fellows,* 22 N. H. 473.

As above noted, there is no foundation for the claims of disqualifying interest, and only one of such claims merits comment. Prior to 1929 the justice whose qualifications are attacked was a member of the board of directors of the Security Trust Company, later consolidated with the Detroit Trust Company, a defendant herein. In 1928, Myron Boyer brought certain chancery proceedings to set

* ''The method of computing degrees of consanguinity by the civil law is to begin at either of the persons claiming relationship, and count up to the common ancestor, and then downwards to the other person, in the lineal course, calling it a degree for each person, both ascending and descending, and the degrees they stand from each other is the degree in which they are related.'' *Van Cleve* v. *Van Fossen,* 73 Mich. 342, 345.

aside the birth certificate of a child which plaintiff herein had secured from a foundling home and which she had for a time palmed off as the child of Myron Boyer. The Security Trust Company was named as a party defendant in that suit. That its directors could have had no interest in the outcome of the proceedings is clearly shown by the affidavit of plaintiff's attorneys submitted in support of the motion now under consideration. In this affidavit it is stated:

"Yet the Security Trust Company, merged with another company during the baby suit to form the present defendant Detroit Trust Company, appeared as defendant in the baby suit, although it had no interest whatsoever therein, admitted in its answer and alleged in the cross-bill that it had custody and possession for the three trustees of the bonds and securities in litigation and the said cash assets, to-wit, the said account 43100."

The Security Trust Company was merely custodian for safe keeping of securities belonging to the trust. There was no matter in issue involving the discretion of the directors or in which the trust company had any financial interest.

This case when originally before this court was carefully considered by six justices who heard it. They came to a unanimous opinion. If, as plaintiff now asserts, one of these six justices is disqualified to sit, then in event a rehearing were ordered the available quorum of this court as now constituted would consist of six members, there being also another of the present justices who considers himself ineligible to sit. Of the six presently available justices none is of the opinion that a rehearing should be granted. Plaintiff's motion for reconsideration of her application for rehearing is therefore denied, with costs to defendants.