*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHARLES MICHAEL JEROME,

Defendant-Appellant.

UNPUBLISHED
February 14, 2019

No. 339404
Ionia Circuit Court
LC No. 2016-016892-FH

Before: METER, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Defendant, Charles Michael Jerome, appeals his jury convictions for three counts of third-degree criminal sexual conduct, MCL 750.520d(1)(a) (victim is at least 13 years of age and under 16 years of age). The trial court sentenced defendant to 204 months to 50 years' imprisonment as a fourth-offense habitual offender, MCL 769.12. On appeal, defendant argues that (1) his judgment of sentence did not properly reflect jail credit for time served; (2) his convictions were unsupported by sufficient evidence and were against the great weight of the evidence presented at trial; and (3) his trial counsel was ineffective for failing to move for the disqualification of the trial court judge. Because the trial court failed to credit defendant with 71 days of jail credit for time served, we remand for correction of the judgment of sentence. In all other respects, we affirm.

Defendant and his girlfriend lived in the living room of a home of another couple. On occasion, the couple's 15-year-old babysitter (AE) would also stay the night and sleep in the living room. Defendant made advances towards AE once everyone else in the house went to sleep. During trial, AE described four separate times that defendant vaginally penetrated her. The first three encounters occurred in different rooms of the house, including the bathroom and the children's room. Before the fourth encounter, defendant asked AE if she would have "a threesome type thing" with him and defendant's brother. At a later time, defendant and his brother both vaginally penetrated AE the same night at different times. Eventually, AE told her parents what happened, and they called the police.

Defendant first argues that the trial court erred when it failed to reflect in the judgment of sentence 71 days of jail credit. We agree.

We note that the trial court stated on the record during sentencing that defendant was "going to receive credit for 71 days." The Presentence Investigation Report also reflected that defendant should have received 71 days of jail credit for time served. However, defendant's judgment of sentence did not reflect any jail credit. The prosecution agrees that the absence of jail credit is attributable to ministerial error or neglect that this Court must now correct. See *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Therefore, we remand for the purpose of correcting the judgment of sentence to reflect that defendant is entitled to 71 days of jail credit.

Defendant also argues that his convictions were not supported by sufficient evidence and were against the great weight of the evidence. We disagree.

We review de novo defendant's challenge to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).

[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. [*People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).]

Circumstantial evidence, including reasonable inferences arising from the evidence, is sufficient proof of the elements of a crime. *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). "Juries, and not appellate courts, hear the testimony of witnesses; therefore, we defer to the credibility assessments made by a jury." *Henderson*, 306 Mich App at 9.

A defendant is guilty of third-degree criminal sexual conduct under MCL 750.520d(1)(a) if he or she sexually penetrates a victim at least 13 years of age and under 16 years of age. MCL 750.520a(r) defines "sexual penetration" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." In this case, defendant does not contest that the prosecution proved the first element beyond a reasonable doubt. We must, therefore, determine only whether there was sufficient evidence of sexual penetration to support defendant's convictions.

There is abundant evidence in the record to support the jury's verdict. The Michigan Supreme Court has recognized that "[e]vidence of guilt in child molestation cases is typically hard to come by because in most cases the only witness is the victim, whose testimony may not

be available, helpful, or deemed credible because of his or her age." *People v Watkins*, 491 Mich 450, 475; 818 NW2d 296 (2012). Under MCL 750.520h,[1] there is no need for corroborating evidence and "[a] victim's testimony alone can provide sufficient evidence to support a conviction." *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016). In this case, the victim testified that she had sexual intercourse with defendant on four separate occasions. Although no corroboration of the victim's testimony was necessary, MCL 750.520h, five additional witnesses testified that they heard defendant admit to having sexual intercourse with the victim. One of these witnesses also testified that defendant asked him on two separate occasions to "cover" for him during his trial testimony. This request for perjured testimony was admissible as additional evidence of guilt. See, e .g., *People v Unger*, 278 Mich App 210, 227; 749 NW2d 272 (2008) ("A jury may infer consciousness of guilt from evidence of lying or deception.").

On appeal, defendant primarily relies on the testimony of his fiancée, claiming that because she testified that he was always with her on weekends, he had an alibi. Because this Court did not hear the testimony of the trial witnesses, we must defer to the credibility assessment made by the jury that necessarily rejects this defense. See *Henderson*, 306 Mich App at 9. Moreover, having reviewed the whole record, we believe that the jury had ample reason to doubt the credibility of defendant's fiancée, who had motive to lie and admitted that, other than her testimony, there was no proof that defendant could not have committed the crimes alleged.[2]

For similar reasons, we conclude that the jury's verdict was not against the weight of the evidence.

> A verdict is against the great weight of the evidence and a new trial should be granted when the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result. Generally, a verdict may only be vacated when the verdict is not reasonably supported by the evidence, but rather it is more likely attributable to factors outside the record, such as passion, prejudice, sympathy, or other extraneous considerations. Questions regarding credibility are not sufficient grounds for relief *unless* the testimony contradicts indisputable facts or laws, the testimony is patently incredible or defies physical realities, the testimony is material and . . . so inherently implausible that it could not be believed by a reasonable juror, or the testimony has been seriously impeached and the case is marked by uncertainties and discrepancies. [*People v Solloway*, 316

---

[1] Specifically, MCL 750.520h provides, "The testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g."

[2] Defendant's remaining argument concerning lack of injury is without merit. Causing injury is not an element of third-degree criminal sexual conduct. See MCL 750.520d. To the extent that defendant is arguing that lack of injury is evidence in itself tending to disprove sexual penetration, we disagree. At trial, a pediatrician who treated the victim testified that she was sexually mature and that there would be no expectation of injury resulting from vaginal intercourse.

Mich App 174, 182-183; 891 NW2d 255 (2016) (quotation marks and citations omitted).]

Defendant does not cite any basis for us to hold the jury's verdict attributable to prejudice, sympathy, or other extraneous considerations. Nor does defendant provide any basis for us to conclude that the testimony presented at trial was inherently implausible. Again, in addition to the victim's direct testimony, five witnesses testified that they heard defendant admit to having sexual intercourse with the victim. Although defendant's fiancée testified that defendant was always with her on the weekends and, therefore, defendant had no opportunity to commit the crimes alleged, the jury was free to conclude that this testimony was simply not credible. Nothing about this credibility determination rendered the victim's or the remaining witnesses' testimony so inherently implausible as to warrant relief. *Id*. at 183.

Finally, defendant argues that his trial counsel was ineffective because he failed to move to disqualify the trial judge on the ground that the trial judge was the first cousin of defendant's daughter's mother's stepfather. We discern no merit in this argument. Our court rules mandate that disqualification is warranted if the judge or the judge's spouse is "within the third degree of relationship" to "a party to the proceeding" or that party's spouse. MCR 2.003(C)(1)(g)(i). Michigan follows the civil-law method for determining the degree of a relationship. *Boyer v Backus*, 282 Mich 701, 704; 280 NW 756 (1938); *People v Zajaczkowski*, 293 Mich App 370, 375-376; 810 NW2d 627 (2011), vacated on other grounds 493 Mich 6 (2012).

> The method of computing degrees of consanguinity by the civil law is to begin at either of the persons claiming relationship, and count up to the common ancestor, and then downwards to the other person, in the lineal course, calling it a degree for each person, both ascending and descending, and the degrees they stand from each other is the degree in which they are related. [*Zajaczkowski*, 293 Mich App at 376, citing *Van Cleve v Van Fossen*, 73 Mich 342, 345; 41 NW 258 (1889).]

In this case, defendant and the trial judge appear to be seven degrees separated. We note that defendant failed to have his daughter's mother sign the affidavit establishing this tenuous relationship, thereby rendering the alleged relationship legally unclear. See *Rataj v Romulus*, 306 Mich App 735, 755 n 8; 858 NW2d 116 (2014) ("Indeed, an unsigned, unnotarized 'affidavit' is no affidavit at all."). However, even if defendant had provided a signed affidavit, it would not change our view that the relationship defendant describes is far too remote to warrant disqualification under our court rules.

Our Supreme Court has stated that in challenging the trial judge on the basis of bias or prejudice, a defendant "must overcome a heavy presumption of judicial impartiality." *Cain v Michigan Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). This purported familial relationship, without more, was not sufficient reason to warrant the trial judge's disqualification and the defendant's trial counsel was not deficient in failing to ask for it. See *Ericksen*, 288 Mich App at 201 ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel."). Moreover, defendant does not explain why he believes that he did not receive a fair trial or how a different trial judge may have affected the jury's verdict. *Id*.

We remand for correction of the judgment of sentence. Finding no merit in defendant's remaining claims of error, we affirm.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Thomas C. Cameron