## REED *v.* DeLAPERIERE & SMITH.

*Simmons, C. J.*—1. Where on the trial of a claim case before a justice of the peace the magistrate rendered a judgment in these words:  "After hearing the evidence in this case, it is adjudged and ordered that the claim be dismissed at claimant's cost, and property found subject, and the *fi. fa.* proceed against said property":  *Held*, that this was an adjudication upon the merits of the claim, and that it was the claimant's right to enter an appeal to a jury in the justice's court.

2. Such an appeal having been entered and a verdict having been rendered for the claimant, and the plaintiffs having taken the case up by *certiorari*, it was error to sustain the *certiorari* on the ground that the only effect of the judgment rendered by the magistrate was "to dismiss the claim," and to hold that no appeal to the jury from that judgment could be lawful.

3. The burden of proof being upon the plaintiffs and it not appearing either from the petition for *certiorari* or the magistrate's answer that they made out even a *prima facie* case before the jury, they were in no view of the case entitled to a verdict, and it is therefore immaterial whether or not one of the jury was or was not disqualified by reason of non-residence in the district in which the case was tried.  The *certiorari* ought to have been overruled generally.          *Judgment reversed.*

May 11, 1896.  Argued at the last term.

*Certiorari.*    Before Judge Kimsey.    Hall superior court.   July term, 1895.

Plaintiffs foreclosed a mortgage against Brown.  Upon the levy of the execution, Reed interposed a claim to the

property.   At the trial plaintiffs introduced their mortgage with the date of its record.   The claimant introduced a note in favor of Johnston against Brown, principal, and Reed, security; a contract between Brown and Reed; and the testimony of Brown, "that the titles were never in him, that there was a contract between Brown and claimant." The justice dismissed the claim and ordered the execution to proceed.   Claimant entered an appeal to a jury in the justice's court.   The same evidence was introduced, and the jury found the property not subject.   One of the jury was not then a resident of said district, but was a resident of another district.   By *certiorari* plaintiffs alleged, that the verdict was contrary to law and evidence; that after the dismissal of the claim by the justice, there was no cause to appeal to a jury, and claimant did not appeal the decision dismissing the claim, but only appealed the judgment finding the property subject, and therefore all proceedings since said dismissal were null and void; and that one of the jurors was disqualified to serve, but plaintiffs had no knowledge of this fact and did not waive the disqualification.   The superior court sustained the *certiorari*, ordered that the verdict be set aside as null and void, and adjudged that there was no case pending in the justice's court, as the claimant did not except to the dismissal of the claim and could not appeal to a jury in said court.

*W. B. Sloan* and *G. H. Prior*, for plaintiff in error.
*Dean & Hobbs*, contra.