## CAIN *v.* THE STATE.

The proper practice is to dismiss the motion for a new trial, when ripe for a hearing, where no brief of evidence has been filed or no extension of time has been requested within which to prepare and file a brief of evidence. But where the motion is overruled, and exception is taken to the judgment overruling the motion, and no assignment of error is made except to the overruling of the motion, which was on the ground that the verdict was contrary to evidence and law, and it affirmatively appears that no brief of evidence was ever filed, the judgment refusing the motion for a new trial will be affirmed.

Argued December 21, 1908.—Decided January 12, 1909.

Motion for new trial. Before Judge Reagan. Spalding superior court. October 5, 1908.

*Thomas W. Thurman* and *W. H. Connor,* for plaintiff in error.

*John C. Hart, attorney-general,* and *O. H. B. Bloodworth, solicitor-general,* contra.

EVANS, P. J. At the September term, 1908, of the superior court of Spalding county, Jack Cain was convicted of the crime of murder. During the term he made a motion for a new trial, upon the grounds that (1) the verdict is contrary to evidence and without evidence to support it; (2) the verdict is decidedly and strongly against the weight of evidence; and (3) the verdict is contrary to law and the principles of justice and equity; upon which motion the court granted a rule nisi calling upon the solicitor-general to show cause why the motion should not be granted.

Contemporaneously with the filing of the motion and the grant of the rule nisi the court passed another order, reciting that a motion for a new trial had been made, and that it was impossible to make out and complete a brief of the testimony in the case before the adjournment of the court, and adjudging that the motion be heard and determined on the first Monday in October at Zebulon, Georgia, and that movant might amend his motion at any time before the final hearing. On the last-named day the court passed the following order: "The within motion for a new trial coming on to be heard this day, ordered that the within motion be and the same is hereby overruled and a new trial refused." Whereupon the plaintiff sued out a bill of exceptions, assigning error on the refusal to grant a new trial. In the bill of exceptions the plaintiff in error specified, as a material part of the record, "the brief of evidence with all the entries on the same." In his certificate the clerk of the superior court of Spalding county certified "that there has never been filed in my office any approved brief of evidence, or any brief of evidence, or any approved evidence of any kind" in the case.

When a motion for a new trial is ripe for hearing, and no brief of evidence has been filed, the proper practice is to dismiss the motion. *Moxley* v. *Ga. Ry. & El. Co.*, 122 *Ga.* 493 (50 S. E. 339). Without a brief of evidence the motion is incomplete. There was no request for a continuance of the motion, or for any extension of time within which to file a brief of evidence. As the legal effect of the judgment is the same as one of dismissal, and as no question not dependent on the evidence is presented by the bill of exceptions for decision, the judgment of the superior court is

*Affirmed. All the Justices concur, except Fish, C. J., absent.*