PETTY *v.* PATTERSON, Judge.

Application for mandamus to require the presiding judge to sign a bill of exceptions without inserting therein a note, two pages in length, containing matter alleged to be irrelevant and not proper to be included in such bill of exceptions.

PER CURIAM. Upon considering the application and the answer of the judge thereto, it is ordered and adjudged as follows:

(1) The recital in the note to the bill of exceptions, as to the dealings between the parties to a former suit, a contract between them, the bringing of such suit, the plea, and the judgment therein recovered,—none of which appear to have been introduced in evidence on the trial of the case in which the present bill of exceptions was tendered, or to have been produced before the court on such trial for consideration in con-

nection therewith,—form no part of the bill of exceptions or of a proper note thereto, and should be eliminated therefrom.

(2) It is competent for the judge to certify as to relevant matters transpiring before him on the hearing, which may legitimately serve to explain the ruling made or the facts transpiring in connection therewith which will throw light upon it. But it is not competent for a judge, in signing a bill of exceptions, to certify as to his recollection of the contents of a lost plea or answer in the case. If there was such an answer or plea, a copy could have been established. Or a copy can still be established, and, if material for consideration by this court, a certified transcript thereof can be required to be made and transmitted.

(3) Accordingly direction is given, that the matter referred to in the first subdivision above be eliminated from the note of the presiding judge; that what is shown in said note to have transpired on the trial of the present case (including the fact that the court asked to see the answer of Petty in the trover suit, and that it had by some means disappeared and could not be produced, and what was done in its absence) may remain in the note; but that the contents of the lost answer be elimimated from such note.

(4) Under the allegations of the application and the recitals of the answer, although the judge signed the bill of exceptions with the note above mentioned included therein, refusing to sign it otherwise, this will be treated by this court as a failure or refusal to sign the bill of exceptions without the inclusion of extraneous matter; and mandamus absolute is granted, directing the presiding judge to certify to the bill of exceptions, eliminating from the note the matter which should not be included therein, as above indicated.

*All the Justices concur, except Beck, J., absent.*

NOVEMBER 19, 1915.

*J. E. Mozley* and *H. B. Moss,* for applicant.