*W. C. Davis,* for defendant.

---

FRAZIER *v.* SWAIN, administratrix.

1. Where a deed is signed with the name of a domestic corporation and by its president and secretary, and its corporate seal is affixed, and only the signature of the secretary is properly attested, that signature with the seal afford prima facie evidence that the deed has been duly executed by authority of the corporation. A deed so signed, sealed, and attested is admissible to record, and such record is notice to subsequent purchasers of the property conveyed by the deed.

2. Under the facts of this case the court did not err in not submitting to the jury the question of prescription as a basis of defense. Prescription, under the evidence, was not well founded.

3. The evidence demanded the verdict. Therefore the fact that one of the jurors who tried the case was related to one of the parties within the prohibited degrees will not require a new trial.

No. 378.  FEBRUARY 15, 1918.

Complaint for land. Before Judge Highsmith. Jeff Davis superior court. May 4, 1917.

*S. D. Dell,* for plaintiff in error.

*James M. Swain Jr.* and *Gordon Knox,* contra.

HILL, J. Mrs. Nancy R. Swain, as administratrix of the estate of W. C. Swain, deceased, brought a complaint against Mrs. Mary H. Frazier, to recover a certain strip of land 100 feet wide in the city of Hazlehurst, alleging, among other things, that the plaintiff and the defendant both claim title to the land under one and the same grantor, the Southern Pine Company of Georgia. The jury returned a verdict for the plaintiff. The defendant filed a motion for a new trial, which was overruled, and she excepted.

1. On the trial of the case the court admitted in evidence a deed from the Southern Pine Company of Georgia to W. C. Swain, the caption of which was: "State of Georgia, Chatham County." It was signed, "Southern Pine Company of Georgia, by Henry P. Talmadge, President, William B. Stillwell, Secretary," with the corporate seal affixed following the signature of the secretary. It was attested as follows: "Signed, sealed, and delivered in the

presence of us: Witnesses as to signature of Henry P. Talmadge, President: George R. Carter, Frank B. Haviland, Commissioner of Deeds for the State of Georgia, residing in New York." "Witnesses as to the signature of William B. Stillwell, Secretary: J. G. Summerall, Jacob Gazan, Not. Pub., Chatham Co., Ga." The introduction of the deed (both as a conveyance and as color of title) was objected to upon the grounds, that it was not so attested as to entitle it to record, and its record was notice to no one; that the caption of the deed showed and the presumption was that it was signed at the place named in the caption, which was "Georgia, Chatham County," and therefore the commissioner of deeds for Georgia residing in New York could only attest a deed in the State of New York; and that the secretary of the corporation was not the proper person to convey title for the corporation, and the deed did not show that he had such authority.

The question presented for decision is not free from difficulty. It is whether a deed purporting to have been signed by a corporation by both its president and its secretary, with the corporate seal affixed, carries prima facie evidence that its execution was by authority of the corporation, when the signature of the secretary *alone* was properly attested. Under the decisions of this court it cannot be held that the signature of the president of the corporation was properly attested. The deed purported to have been executed in "Georgia, Chatham County," whereas the attestation as to the president's signature was by a commissioner of deeds for Georgia residing in New York. In *Allgood* v. *State,* 87 *Ga.* 668 (13 S. E. 569), it was held: "A deed purporting to be executed in one county cannot be legally recorded upon the attestation of a notary public of another county, together with that of an unofficial witness." And see *McCandless* v. *Yorkshire &c. Co.,* 101 *Ga.* 180 (28 S. E. 663) ; *Almand* v. *Equitable Mortgage Co.,* 113 *Ga.* 983 (39 S. E. 421). It has been held that where the cashier of a banking corporation was the person having the seal, acknowledgment by him alone was sufficient, although the president also signed the deed. Merrell *v.* Montgomery, 25 Mich. 73. In the instant case the deed was signed by both the president and the secretary, the seal of the corporation following the signature of the latter; and we think that where the corporate seal is thus affixed, the deed bears prima facie evidence that the seal was so affixed by

authority of the corporation. See Sheehan *v.* Davis, 17 Ohio St. 571. The attestation was bad as to the president, as already observed, and was good as to the secretary. Where a deed purports to have been executed by a business corporation in the corporate name by the president and secretary, with the corporate seal affixed following the name of the secretary, the attestation of the secretary's name being regular and proper, but the attestation of the president's signature being improperly witnessed, such execution by the secretary is prima facie valid and sufficient for the deed to be admitted to record. It has been decided by other courts that the seal of a corporation is its signature. Doe *v.* Hogg, 1 Bos. & Pul. 306. See Clark *v.* Farmers Manufacturing Co., 15 Wend. 256. The court did not err in admitting the deed in evidence.

2. Exception is taken to the ruling of the court in not submitting to the jury the question whether the defendant had acquired a good title to the premises in controversy by prescription, and in confining the issue to be tried to the question of abandonment of the right of way, which is the land in controversy. When the case of *Ga. & Fla. Ry. v. Swain* was before this court (145 *Ga.* 817, 90 S. E. 44), where a similar clause in the deed was under construction, it was held that the deed reserved in the grantor an easement. "Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right." Civil Code, § 4164. "Adverse possession of lands, under written evidence of title, for seven years, shall give a like title by prescription. But if such written title be forged or fraudulent, and notice thereof be brought home to the claimant before or at the time of the commencement of his possession, no prescription can be based thereon." Civil Code, § 4169. A careful reading of the record in the light of the foregoing code sections leads us to the conclusion that the question of title by prescription was not well founded in the case, and that the court did not err in not submitting it to the jury.

3. The verdict was demanded by the evidence. In addition to that offered by the plaintiff, the defendant introduced as a witness J. J. Frazier, her husband, who testified that he had been in possession of the premises in controversy since the Ocilla & Valdosta

Railroad made him a deed in 1906. He claimed that portion of land running through his field under a deed from that company and under the Southern Pine Company of Georgia. The other portion of the land he held under a deed from W. C. Swain, executed in 1904. He knew W. C. Swain in his lifetime; helped him transact business; was in copartnership with him in this particular land that Mr. Swain bought from the Southern Pine Company; "in this land I was his partner;" may have seen the deed from the Southern Pine Company to Swain. "I knew all about the transaction. I knew the Southern Pine Company reserved this right of way through there for railroad and tramroad purposes; knew it all the time. I did all the trading of the land myself. . . I made a statement to Tom Swain, a statement pretty much like this, that if his mother would make me a quitclaim deed to half of this right of way, that we could recover it back, because it still belonged to the W. C. Swain estate; that it had never been conveyed to these parties. I don't remember the words. I told Mr. Swain about it two or three different times. . . I went in possession in 1906. When I sold it to Mr. Hall I stayed in possession. I retained possession. I retained possession as his agent. I am still retaining possession. Mrs. Mary H. Frazier, though, now owns the land. I stayed in possession from 1906 to 1912 in my own right; from 1912 as Mr. Hall's agent, and now as my wife's, Mary H. Frazier. She got a deed in 1913."

Having reached the conclusion that there was no question of prescription to be submitted to the jury and that the verdict was demanded, the remaining question raised by the record, as to one of the jurors who tried the case being related to one of the parties within the prohibited degrees, becomes immaterial as being harmless error. While such relationship would disqualify the juror, under the facts of the case this will not cause a reversal.

*Judgment affirmed. All the Justices concur.*