## 10498. BROWN *v.* BANK OF COVINGTON.

JENKINS, P. J. The fact that the cashier who acted for a bank in making a loan to the defendant was the same individual who sold an automobile to defendant, and as such seller received the proceeds of the bank's loan, could not operate to render the bank liable to the purchaser of the car for a breach of the seller's warranties by reason of the fact that the bank's cashier thus had knowledge of the terms of the warranty. This ruling is not in conflict with the principle announced in *Singleton* v. *Bank of Monticello*, 113 *Ga.* 527 (38 S. E. 947), since it is not here shown that the bank itself in any way furthered or participated in the sale. Even the statement imputed to the cashier and seller, that the bank would guarantee the terms of the warranty as made by the seller, would not render the bank liable thereon, since any such undertaking on the part of the bank would be ultra vires, illegal, and void. *Bank of Omega* v. *Wingo &c. Shoe Co.*, 19 *Ga. App.* 177 (91 S. E. 251). The judge did not err in directing a verdict in favor of the plaintiff.

*Judgment affirmed. Stephens, J., concurs. Smith, J., disqualified.*

DECIDED NOVEMBER 26, 1919.

Complaint; from Newton superior court—Judge Smith. March 28, 1919.

*King & Johnson,* for plaintiff in error.

*Rogers & Knox,* contra.