### O'BERRY *v.* THE STATE.

1. A juror in a criminal case who is related, by blood or marriage, within the ninth degree to the prosecutor, ascertained according to the rules of the civil law, is a disqualified juror; and such disqualification of a juror, unknown to the defendant or his counsel until after verdict, or which could not have been ascertained by either of them before verdict by the exercise of due diligence, is cause for a new trial. *Crawley* v. *State,* 151 *Ga.* 818 (108 S. E. 238, 18 A. L. R. 368); *Merritt* v. *State,* 152 *Ga.* 203 (110 S. E. 160).

(*a*) Descendants of a brother and sister, such as the great-great-grandson of one and the great-grandson of the other, are related to each other in the ninth degree according to the rules of the civil law.

2. Where one contributes to a fund to be used in employing an attorney to aid the solicitor-general in the prosecution of a particular person for an alleged offense with which he is charged, and the attorney does render such aid upon the trial of the case, the person so contributing is to be considered as a volunteer prosecutor. *Lyens* v. *State,* 133 *Ga.* 587 (4) (66 S. E. 792).

3. Where the relationship between a volunteer prosecutor and juror, in the degree indicated in the first headnote, is by blood, illegitimacy on the maternal side of one of the ancestors of the prosecutor will not prevent disqualification of the juror.

4. The grounds of the motion for new trial complaining of certain excerpts from the charge of the court show no cause for reversal for any reason assigned.

5. When considered in connection with the charge as to the law of circumstantial evidence, the ground of the motion for new trial based on

alleged omission to charge on that subject more elaborately, without a timely written request therefor, affords no cause for reversal.

6. Due diligence having been shown, it was erroneous to refuse a new trial on the ground of newly discovered evidence as to disqualification of the juror.

No. 2774. JUNE 16, 1922.

Indictment for murder. Before Judge Highsmith. Appling superior court. July 14, 1921.

The defendant, being jointly indicted with two other persons for murder, was put on trial separately, and the jury returned a verdict of guilty, with recommendation that she be punished by imprisonment in the penitentiary for life. The defendant made a motion for new trial, based on the usual general grounds and certain other grounds added by amendment. The motion was overruled, and the defendant excepted. The State's evidence tended to show the following: The defendant was the wife of the deceased, and lived with him and certain of his children at their home in the country. The deceased was killed in his yard by being shot in the body with a gun loaded with small shot, and struck in the head with an ax or other blunt instrument. The range of shot, as indicated by signs on the fence, seemed to come from the steps of the house, and an ax found in the yard contained hair indicating that it was the instrument with which the deceased's skull had been crushed. The deceased's gun was found unloaded in the rack in the house, and the condition of the barrel showed that it had been recently shot. The defendant, as recently as two days before the homicide, had made threats to kill the deceased. The homicide occurred early in the night. A brother of the deceased testified that on the day following the homicide, he, being in the front yard with defendant, said to her: " ' Now, Elvira, this is where you stood when you shot the first gun, and then you run here when you shot the second gun,' and she never denied it, but just cried; she broke down and cried when I accused her of killing my brother. I told her that she took the ax and hit him on the head, and she never said she did nor never said she didn't; she just broke down and cried and went in the house." There was no particular motive shown for the wife to kill her husband, other than that they did not live happily together.

The defendant, having introduced no evidence, made a statement before the jury in which she denied having committed the

homicide, having made threats against the deceased, or having had any conversation with deceased's brother in the front yard. The statement went into details to which it is unnecessary to further refer.

*Wade H. Watson* and *Vernon E. Padgett,* for plaintiff in error.

*George M. Napier, attorney-general, Alvin V. Sellers, solicitor-general, Seward M. Smith, asst. atty.-gen.,* and *C. H. Parker,* contra.

ATKINSON, J. The rulings announced in headnotes 1, 2, 4, 5, and 6 do not require elaboration.

Of the rulings announced in the headnotes, that embraced in the third is the only one that will be elaborated. As ruled in the first note, the decisions of this court hold that "relationship by blood or marriage within the ninth degree, calculated according to the rules of the civil law, between the prosecutor and a juror in a criminal case, will disqualify the juror." It is declared in the Civil Code, § 3028: "The mother of a bastard is entitled to the possession of the child, unless the father shall legitimate him as before provided. Being the only recognized parent, she may exercise all the paternal power." In § 3029, it is declared: "Bastards have no inheritable blood, except that given to them by express law. They may inherit from their mother, and from each other, children of the same mother, in the same manner as if legitimate. If a mother have both legitimate and illegitimate children, they shall inherit alike the estate of the mother. If a bastard dies leaving no issue or widow, his mother, brothers, and sisters shall inherit his estate equally. In distributions under this law the children of a deceased bastard shall represent the deceased parent." In § 3030, it is declared: "If a bastard dies intestate, leaving no widow or lineal descendant, or illegitimate brother or sister, or descendant of a brother or sister, or mother, but shall leave a brother or sister of legitimate blood, such brother or sister, or descendant of such brother or sister, may inherit the estate of such intestate; but in default of any such person, the brothers and sisters of the mother of such bastard or their descendants, or the maternal grandparents of such bastard, may inherit the estate of such bastard, to be divided amongst said persons in accordance with the degrees of consanguinity prescribed in the laws for the distribution of other estates." These provisions of the code have

the force of statutes. *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518) ; *Lee* v. *Rogers,* 151 *Ga.* 838 (108 S. E. 371). They relate to private rights in respect to devolution of title on the basis of illegitimate blood or kinship, and for such purpose recognize such kinship as a relation. If such kinship is a relation for such purpose, there is all the more reason for recognizing it as a relation in dealing with the public matter of declaring the qualification of jurors, where one prime object is the obtainment of impartial jurors. Illegitimacy alone does not disqualify a person from serving as a juror, but he and his relatives should be subject to the same restrictive rules that apply to others in the matter of selecting impartial jurors. The prohibited relation applicable to all persons is any relation within the ninth degree. Those related in the last are equally disqualified as those related in the first. If the mother or brother on the maternal side of the illegitimate were on trial for a crime or were a prosecutor, it is palpable that it would not be in furtherance of " fair trials," as guaranteed by the constitution, to allow the illegitimate to serve on the jury. Yet that result would be possible if such relationship were not recognized as a disqualifying cause. The relation traced through the illegitimate in this case was by blood on the maternal side, and connected the volunteer prosecutor with the juror in the ninth degree calculated according to the rules of the civil law.

*Judgment reversed.   All the Justices concur.*