14319.   CROFT *v.* FARMERS & MERCHANTS BANK OF BERLIN.

JENKINS, P. J. The bank, through the State superintendent of banks, sued on a promissory note payable to plaintiff's order. The defendant in his plea admitted the execution of the note, but claimed as an equitable set-off, damages sustained by reason of his purchase of six shares of the bank's capital stock, induced by alleged fraudulent misrepresentations of the bank's president as to its solvency and financial condition. The uncontroverted evidence in the trial showed that the shares sold to the defendant were not the property of the bank, but of a third person, for whom the bank's president, acting solely in an individual capacity, negotiated the sale as agent; that the directors of the bank did not undertake or assume to authorize the transaction; nor did the bank have any interest therein, but all of the purchase-price went to the owner of the stock, by cash paid, either directly to him or

by his request or consent, to take up notes due to the bank's president solely as an individual, except cash to take up one note due to the bank, on which the owner of the stock and the defendant were both sureties, and that this was paid as part of the purchase price to the owner, not on the bank's request, but upon the demand of the defendant himself and by the express agreement of the owner. It was further undisputed that the bank throughout its liquidation was unable to pay its debts; but it was not made to appear that the liabilities exceeded the assets. The jury found for the plaintiff, and a motion for new trial was overruled. The only ground of the motion insisted upon by the plaintiff in error is the ground, supported by affidavits, alleging that the court erred in refusing to inquire, upon timely motion to that effect, if the trial jurors were related by blood or marriage to any depositor of the bank, and to disqualify any related within a prohibited degree; and that one of the trial jurors was so disqualified because he was a brother of one who at the time of trial had on deposit in the bank the sum of six cents. *Held:*

Under the undisputed evidence, the alleged fraudulent misrepresentations, if made as the defendant's testimony tended to show, were the acts of the bank's president, acting solely in his individual capacity or as the agent of the third person who owned the bank stock in question; and the plaintiff bank could not be charged with liability therefor. *Napier* v. *Central Ga. Bank*, 68 *Ga.* 637 (5), 640; *Strickland* v. *Bank of Cartersville*, 141 *Ga.* 565, 575 (4) (81 S. E. 886); *Merchants Natl. Bank* v. *Guilmartin*, 88 *Ga.* 797 (1), 801, 802 (15 S. E. 831); *Brown* v. *Bank of Covington*, 24 *Ga. App.* 511 (101 S. E. 196). A verdict for the plaintiff and against the plea being thus demanded by the evidence, the court properly overruled the motion for a new trial. *Frazier* v. *Swain*, 147 *Ga.* 654 (3), 657 (95 S. E. 211).

It is unnecessary to consider and determine the question whether the verdict was demanded for the additional reason, urged by the defendant in error, that the defendant failed to prove insolvency within the meaning of the definition as applied to a civil suit of this character. Nor is it necessary to determine whether the interest of the depositor is so infinitesimal that in any event the court would decline to treat him as having a real interest in the controversy.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 10, 1923.

Complaint; from Colquitt superior court—Judge W. E. Thomas. January 26, 1923.

*J. L. Dowling, H. H. Whelchel,* for plaintiff in error.

*Askew & Mather,* contra.