MORRIS *v.* BRADDY, guardian.

BELL, Justice. The plaintiff sued for a one-half interest in a tract of land, and the jury returned a verdict in his favor. The defendant moved for a new trial on the usual general grounds, to which he later added by amendment a single special ground, contending that one of the jurors was disqualified by relationship to a named party in the case. The original motion was duly filed on September 2, 1947. On September 22, the hearing was continued to October 17 because the movant had been unable to "obtain record from reporter." On the last-mentioned date the court passed an order as follows, "No brief of evidence having been filed in the case, the within and foregoing motion is hereby overruled and refused." To this judgment the movant excepted.

In the brief of counsel for the plaintiff in error, the order complained of is treated as meaning that no brief of evidence was before the court, and it is conceded that no brief of evidence had been prepared and presented for approval; also that no motion for a further continuance was made. The only contentions urged in this court are that, in view of the nature of the above-mentioned special ground, (1) a brief of the evidence was not essential to the validity of the motion for a new trial, and (2) the court erred in not granting a new trial upon such special ground. *Held:*

1. A brief of evidence is essential to the validity of any motion for a new trial; and this is true even though the only ground of the motion insisted upon does not require a consideration of any of the evidence introduced on the trial. Code, §§ 70-301, 70-302; *Dollar v. Fred W. Amend Co.,* 186 *Ga.* 717 (198 S. E. 753). "Until the brief of evidence was prepared, presented, and ordered filed, a motion for a new trial was not made." *Baker v. Johnson,* 99 *Ga.* 374, 376 (27 S. E. 706). The paper filed as a motion "was a mere embryo, and could not subsist or develop into a proceeding in court when the requisite brief of evidence was not supplied." *Firemen's Insurance Co. v. Oliver,* 176 *Ga.* 80 (1), 83 (167 S. E. 99).

(a) The law as stated above was not affected by the resolution of the General Assembly approved February 1, 1946, relating to practice and procedure. See Ga. L. 1946, pp. 732, 744, paragraphs 2, 19.

2. Furthermore, a brief of the evidence was necessary to a proper consideration of the one special ground urged in the instant case, since, if the evidence demanded the verdict as returned in favor of the plaintiff, a new trial would not be required because of disqualification of the juror. *Frazier v. Swain,* 147 *Ga.* 654 (3) (95 S. E. 211); *Croft v. Farmers &c. Bank of Berlin,* 31 *Ga. App.* 400 (1) (120 S. E. 674); *Kennedy v. State,* 51 *Ga. App.* 543 (3) (181 S. E. 139).

3. Nor did it appear that the juror was related to the successful party. *Screws v. Anderson,* 124 *Ga.* 361 (4) (52 S. E. 429); *Parker v. State,* 146 *Ga.* 131 (90 S. E. 859).

4. While the better practice would have been to dismiss the motion for a new trial as being invalid for the want of a brief of evidence, yet as the legal effect of the judgment is the same as one of dismissal, the judgment overruling the motion for a new trial will be affirmed. *Cain v. State,* 131 *Ga.* 770 (63 S. E. 289).

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16075. FEBRUARY 23, 1948.

*T. Ross Sharpe, J. Ellis Pope,* and *C. T. McCorkle,* for plaintiff. *Jackson & Graham* and *L. C. Underwood,* for defendant.