## 34179. REYNOLDS v. SATTERFIELD.

DECIDED SEPTEMBER 26, 1952.

*Hewlett, Dennis, Bowden & Barton, John B. Ivins, Wood & Tallant,* for plaintiff in error.

*Ingram & Tull,* contra.

FELTON, J. The court's qualification of the jury at the opening of the term did not have the effect of qualifying the jury as to the Georgia Casualty Company in the instant case. The qualification did not mention the Georgia Casualty Company. It mentioned by name several liability insurance companies and referred to "other like" companies. The plaintiff had the right to have the jury qualified as to the Georgia Casualty Company specifically and we feel that a mere reference to "other like" companies did not sufficiently meet the requirement under that right, over the objection of the plaintiff. In view of this, the court erred in refusing to qualify the jury as to the Georgia Casualty Company upon the motion of the plaintiff at the call of the case for trial. *Rogers* v. *McKinley,* 52 *Ga. App.* 161, ·164 (182 S. E. 805); *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544 (1) (174 S. E. 131); *Tatum* v. *Croswell,* 178 *Ga.* 679 (174 S. E. 140). We presume that the evidence did not demand a verdict for the defendant so as to render the court's error harmless (see *Coleman* v. *Newsome,* 49 *Ga. App.* 522 (2), 176 S. E. 103), as the trial judge signed the bill of exceptions containing the statement that no brief of the evidence was necessary to a consideration of the error complained of (Code, Ann. Supp., § 70-301.1) as being true and as specifying all of the required record material to a clear understanding of the error complained of.

There may be other reasons why the court's refusal to qualify

the jury as moved was error but we confine our ruling here to the point considered above.

The court erred in denying the motion for a new trial.

*Judgment reversed.* *Sutton, C.J., and Worrill, J., concur.*