35579, 35588.  STEVENS *v.* WRIGHT CONTRACTING COMPANY; and *vice versa.*

DECIDED JUNE 16, 1955—REHEARING DENIED JULY 7, 1955.

376

*Young, Hollis, Fort & Drake, James H. Fort, W. S. Allen,* for plaintiff in error.

*Thompson, Thompson & Redmond, J. R. Thompson, Jr., Albert W. Stubbs,* contra.

NICHOLS, J. ▮ The sole question for determination, as presented by the main bill of exceptions, is whether, under the circumstances set forth in the statement of facts and attached as an exhibit to the sole special ground of the motion for new trial,

the trial court erred in refusing to qualify the jury panel with respect to their interest in Liberty Mutual Insurance Company. There was no evidence that the defendant had liability insurance, and Liberty Mutual Insurance Company was not a party to the suit. The case is therefore not on all fours with *Shepherd Construction Co.* v. *Vaughn*, 88 *Ga. App.* 285, 288 (76 S. E. 2d 647), where it was said: "Under the circumstances of this case, there was a strong probability that the insurance company was to some extent interested in the outcome of the case, and this was sufficient to authorize the trial judge to qualify the jury panel with respect to their interest in the insurance company."

In *Atlanta Coach Co.* v. *Cobb*, 178 *Ga.* 544 (1) (174 S. E. 131), it was held: "Where an action was brought to recover damages for injuries alleged to have resulted from the negligence of the defendant, and it was admitted by counsel for the defendant that the defendant was protected by an indemnity policy issued by a named company, and where nothing else appeared, a timely motion and request by counsel for the plaintiff that the court purge the panel of jurors from which the trial jury was to be selected of any and all persons who were employees or stockholders of the indemnity company, or who were related to any such stockholder, should have been granted, and this is true notwithstanding the indemnity company was not a party to the suit."

In the *Atlanta Coach Co.* case, it was made to appear to the court that coverage existed by the admission of counsel, presumably in the courtroom on the trial of the case. In the *Vaughn* case it was made to appear by the statement of counsel to the court, made some time prior to the trial of the case, but later agreed, that the fact thereof might be recited in the record.

Here the fact of coverage is not shown by the admission of counsel, and it must be conceded that the trial court properly held that the insurance policy was the best evidence of insurance coverage, and that a subpoena duces tecum or a notice to produce would be necessary to bring the policy before the trial court. However, the testimony at the hearing in the absence of the jury showed without dispute that the attorney representing the defendant was employed and to be paid by the insurance company, that the company's claim investigator had made investigations for his employer over a considerable period of time, and that he

and the attorneys for the plaintiff and the defendant had together taken the depositions of witnesses to be used on the trial of this case.

One who contributes to a fund to hire an attorney to help in the prosecution of the case is such a prosecutor that all persons related to him within the prohibited degree are disqualified as jurors. *Lyens* v. *State,* 133 *Ga.* 587 (4) (66 S. E. 792); *O'Berry* v. *State,* 153 *Ga.* 644 (1) (113 S. E. 2); *Tatum* v. *State,* 206 *Ga.* 171 (3) (56 S. E. 2d 518).

Irrespective of what interest, other than liability on a policy, an insurance company could have that would cause it to pay a claim agent to investigate an alleged injury and then pay an attorney to represent the defendant when an action was brought, the uncontroverted testimony at the hearing in the absence of the jury showed a sufficient interest on the part of the insurance company to make it mandatory on the trial court to qualify the jury.

Accordingly, the trial court erred in refusing to qualify the jury panel with respect to their interest in Liberty Mutual Insurance Company.

■  By cross-bill of exceptions the defendant assigned error on the judgment of the trial court in denying its motion to dismiss the motion for new trial because no brief of the evidence had been submitted. There were no general grounds in the motion for new trial; and no brief of evidence being necessary for a consideration of the sole special ground of the motion for new trial, which had reference only to the denial of the plaintiff's motion to qualify the jury panel with respect to their interest in Liberty Mutual Insurance Company, the court did not err in denying the motion to dismiss the motion for new trial.

This ruling is demanded in view of the change in the law as made by the act of 1947 (Ga. L. 1947, p. 298) which is shown in Code (Ann. Supp.) § 70-301.1 and which provides as follows: "A brief of the evidence shall not be required to be filed with any motion for new trial where the assignments of error made in the motion for new trial, or the amended motion for new trial, do not require the consideration by the court of the evidence in said case, and should such assignments of error require the consideration of any portion of the evidence in the case the failure of the movant to file a brief of the evidence properly approved as

required by law, shall be held and deemed a waiver of all such grounds of the original or amended motion for new trial, and neither the trial court, upon the hearing of said motion, nor the appellate court, upon a review of the ruling of the trial court thereon, shall be required to pass upon any assignment of error which may be made involving a consideration of the evidence, but shall only be required to pass upon all questions of law made which do not require a consideration of the evidence in the case, such as disqualification of the judge or jurors, rulings of the court preserved by exceptions pendente lite upon the pleadings or motions made in the case which do not require a consideration of the evidence, and like questions, the specifications above being illustrative and not exclusive."

There should be no room for contending that, under this statute, the absence of a brief of the evidence would prevent the trial court or the appellate court from passing upon a ground of an amended motion for new trial which complains only of an action of the trial judge, where the ground does not require a consideration of evidence adduced before a jury or a judge trying the case without a jury. If there should be any doubt about the meaning of the language in the beginning of the section ending with the words, "do not require the consideration by the court of the evidence in said case," it should immediately disappear when it is observed that the act, after providing that, when assignments of error require the consideration of any portion of the evidence in the case, the failure of the movant to file a brief of the evidence shall be held and deemed a waiver of all such grounds of the original or amended motion for new trial, it is provided that neither the trial court nor the appellate court shall be required to pass upon any such assignment of error, but *"shall only be required to pass upon all questions of law made which do not require a consideration of the evidence in the case, such as disqualification of the judge or jurors,"* etc. (Italics ours.)

Many decisions may be found prior to this enactment which hold that a motion for new trial must always be accompanied by a brief of the evidence. In some of the decisions it was stated that this rule was too broad, but that correction would have to be made by the legislature. Clearly this correction was the object of the act of 1947, supra. There is no decision of any court

or opinion of any text writer, so far as we are aware, which even intimates that a brief of evidence can properly contain any evidence except that which is adduced before a jury or a judge acting as a jury. In other words, testimony presented to a trial judge on a motion, as here, to qualify a jury panel or purge jurors is not evidence which can be included in a brief of the evidence. It should be clear, therefore, that any proper brief of the evidence which led to the verdict in the present case would throw no light whatever on the question whether or not the court erred as complained of in the sole special ground of the motion for new trial, which contained no general grounds.

The plaintiff in the cross-bill of exceptions, however, cites several cases which were decided since the passage of the act of 1947, supra, and which it is contended support the view that a brief of the evidence should have accompanied the motion for new trial in the present case, and that its absence required a dismissal, on motion, of the motion for new trial regardless of the act of 1947. *Morris* v. *Braddy*, 203 *Ga.* 349 (46 S. E. 2d 639), is strongly relied upon by the plaintiff in the cross-bill of exceptions as supporting its contention. In that case there was an original motion for new trial which contained the usual general grounds and also an amendmnet with one special ground complaining that one of the jurors was disqualified. There the general grounds related to evidence adduced before a jury and manifestly could not be passed upon without a consideration of such evidence. The trial court denied the motion for new trial because no brief of evidence had been filed. The bill of exceptions contains a statement that the only evidence submitted on the hearing of the motion for new trial was the affidavit of two persons as to the relationship of a certain juror to a named party in the case, which was set out in the bill of exceptions. While it appears that in the Supreme Court the only ground insisted upon was the special ground, the record does not show that on the hearing of the motion for new trial before the trial judge the general grounds were abandoned, and, of course, as of that time a brief of the evidence was necessary for a consideration of such ground, and the trial court properly held that the motion for new trial was insufficient, and manifestly its ruling could not be considered erroneous merely because thereafter in the Supreme Court the general grounds were

not insisted upon. In that case the Supreme Court did not refer to the act of 1947, supra, and held that a brief of evidence was required for a proper consideration of the special ground because, if the evidence demanded the verdict for the plaintiff, a new trial would not be required because of the disqualification of a juror. The act of 1947 provides unequivocally that, upon a hearing of a motion for new trial, a brief of the evidence adduced before the jury is not required in deciding a`ground relating to a ruling as to the disqualification of a judge or juror. It relieves a movant from filing a brief of the evidence, in such circumstances, on the hearing, without in the least making this exemption subject to a proviso that a brief of the evidence would not show that a verdict against the movant was demanded. The Supreme Court in *Huguley* v. *Huguley,* 204 *Ga.* 692 (51 S. E. 2d 445), held that where there was, among other assignments of error, an assignment upon the judgment dismissing the petition to set aside the verdict and decree, the question could not be decided without a consideration of the evidence. It was stated on p. 698: "The facts here involved, therefore, do not authorize a decision as to whether or not such an approved brief is essential in cases where a consideration of the evidence is not required in order to pass upon the merits of the grounds alleged." The court then made reference to the *Morris* case as follows: "It would appear that the opinion of this court in *Morris* v. *Braddy,* 203 *Ga.* 349 (46 S. E. 2d 639), holding that the brief of the evidence is essential in all motions for new trial whether the questions presented required a consideration of the evidence or not, is in conflict with the terms of the act of 1947 (Ga. L. 1947, p. 298), which provides that a brief of the evidence is not necessary in motions for new trial where none of the questions raised requires a consideration of the evidence, such as disqualification of the judge or a juror, etc. *The statute controls in such conflict.*" (Italics ours.) The *Huguley* case is not contrary to what we here hold as to when a brief of the evidence adduced before a jury is not required; and since, as recognized by the Supreme Court, a valid act of the legislature is controlling as against a Supreme Court decision on the same subject matter, we base our decision on the act of 1947, overlooked by the Supreme Court in the *Morris* case, rather than on the ruling made in that case.

In *Whitner* v. *Whitner,* 80 *Ga. App.* 831 (57 S. E. 2d 458), this court stated: "Under the Code (Ann. Supp.) § 70-301.1 (Ga. L. 1947, p. 298), a brief of the evidence shall not be required to be filed with any motion for a new trial where the assignments of error made in the motion for a new trial, or the amended motion for a new trial, do not require the consideration by the court of the evidence in said case." In that case there were assignments of error on the denial of a motion for new trial containing only the usual general grounds and the overruling of special demurrers to an amendment to a plea and answer, which was tendered at the conclusion of the evidence and before verdict. No brief of the evidence was filed with the motion for new trial, containing only the general grounds, and the trial court properly dismissed the motion for new trial. In considering the question whether or not the trial court erred in overruling the special demurrers, objection to which was preserved by exceptions pendente lite as then required, this court said that if the evidence had demanded a verdict for the defendant an erroneous ruling of the trial court as complained of in the exceptions pendente lite would not be ground for a reversal of the case. For that reason it ruled that, "since a brief of the evidence is necessary to determine this question in the instant case, the bill of exceptions, which fails to specify the same, is fatally defective and must be dismissed on motion." On certiorari the Supreme Court in *Whitner* v. *Whitner,* 207 *Ga.* 97, 99 (60 S. E. 2d 464), said: "At the time of the passage of the act of 1947 (Ga. L. 1947, p. 298), there was a well-established rule that, where an appellate court, in the review of a judgment denying a motion for a new trial, is called upon to pass on exceptions pendente lite complaining of the overruling of special demurrers, it may look to the evidence in the record to determine (a) whether or not any harm resulted to the complainant by reason of the ruling, and (b) whether the evidence demanded the verdict rendered; and if the ruling, though erroneous, was harmless, the judgment on demurrer would not be reversed." It was also said in the opinion: "It appears from the record that the amendment to the answer was filed and allowed at the conclusion of the evidence and before verdict. *Several paragraphs of this amendment referred to the evidence or lack of evidence, and the legal conclusions pleaded referred to the*

*evidence or lack of the same.* [Italics ours.] The Court of Appeals, on motion of the defendant, dismissed the writ of error, and held that, in view of the assignments of error on the overruling of the special demurrers, a consideration of the evidence was necessary in order to determine whether this ruling was harmful. On the record before us, we cannot say that the Court of Appeals erred in its determination that a brief of the evidence adduced at the trial was necessary for a proper determination of the errors assigned on the overruling of the special demurrers. However, the proper disposition of the case would have been to affirm the judgment of the trial court, and not to dismiss the writ of error." The judgment of the Court of Appeals was reversed on the sole ground that it should have entered a judgment of affirmance, and not an order dismissing the writ of error.

If it could be said that the decisions of the Supreme Court and Court of Appeals in the *Whitner* case are authority for holding that a brief of the evidence before the jury was necessary in a case like the present one, which involved only the question whether or not the trial judge, in the absence of the jury, and before any evidence was presented to the jury, erred in denying the motions to qualify the jury or let the plaintiff's counsel examine the jurors individually as to their interest in a named insurance company, such a holding would be in contravention of the clear provisions of the act of 1947, supra. This act, as recognized by the Supreme Court, prevails over any appellate decision involving the subject matter. Accordingly, we follow that act and hold that a brief of evidence was unnecessary for a proper consideration of the sole special ground of the motion for new trial, which contained no general grounds; and that the trial court did not err in denying the defendant's motion to dismiss the motion for new trial.

*Judgment reversed on main bill of exceptions and affirmed on cross-bill of exceptions. Gardner, P. J., Carlisle and Quillian, JJ., concur. Felton, C. J., and Townsend, J., concur specially.*

FELTON, C. J., and TOWNSEND, J., concurring specially. We concur in the ruling in the first division of the opinion as written.

By cross-bill of exceptions the defendant assigns error on the judgment of the trial court in denying its motion to dismiss the

motion for a new trial, based on the ground that no brief of evidence, transcript, or stenographic report of the evidence properly approved had been submitted, as a result of which the motion for a new trial was fatally defective. The certificate of the trial court to the bill of exceptions contains the following: "I further certify that the assignments of error made in the motion for a new trial do not require the consideration by the court of the evidence in said case, and a brief of the evidence is not necessary to a consideration of the errors complained of."

It is here contended by the plaintiff in error in the main bill of exceptions that, under the act of 1947 and the decision in *Huguley* v. *Huguley*, 204 *Ga.* 692, no brief of evidence is necessary to determine the sole assignment of error relating to the qualification of jurors, especially since nothing in the brief of evidence would have any bearing on this legal question. It is contended by the plaintiff in error in the cross-bill of exceptions that, under the decisions of *Whitner* v. *Whitner*, 80 *Ga. App.* 831 and 207 *Ga.* 97, a brief of evidence is necessary for the purpose of determining whether or not the verdict was demanded by the evidence in all cases where errors in rulings of the court are rendered harmless because the verdict as rendered would in any event be demanded under the evidence. Errors in selecting jurors or denying motions to purge the jury are harmless where the verdict is demanded by the evidence. *Frazier* v. *Swain*, 147 *Ga.* 654 (3) (95 S. E. 211); *Reed* v. *DeLaperiere & Smith*, 99 *Ga.* 93 (3) (24 S. E. 855).

We agree that no brief of the evidence was necessary, but base our conclusion on a different reason. In the present record the certificate of the trial court states that no brief of evidence is necessary to an adjudication of the alleged errors, which certificate is unchallenged and gives rise to the presumption that the verdict was not demanded by the evidence so as to render the court's error harmless. *Reynolds* v. *Satterfield*, 86 *Ga. App.* 816 (72 S. E. 2d 811). In such case the certificate should be taken as prima facie true. We do not think we should impute to the General Assembly the intention, in passing the act of 1947, to deprive the appellate courts of the power to test the harmful effect of a ruling on a special ground of a motion for new trial by a consideration of the question whether a verdict was de-

manded by the evidence. The only constitutional construction that can be given to the act of 1947 is that no brief of the evidence shall be necessary where a verdict was authorized for either party, and the only way in which such a fact could be made to appear would be a certificate to that effect by the trial judge, in which case such fact would be treated as prima facie true, or by a stipulation between the parties.

Such a view as here expressed in no wise would restrict that right of litigants or of the appellate court to have before it all the record which is necessary for the determination of assignments of error. Where the plaintiff in error desires to bring up to this court a brief of the evidence, should the trial judge refuse to certify the bill of exceptions on the ground that such brief was unnecessary, the plaintiff in error would have a remedy by mandamus, so that this court might decide whether or not such brief of evidence is necessary. See *Petty* v. *Patterson*, 144 *Ga.* 339 (87 S. E. 19). Should the defendant in error desire the brief of evidence before this court on appeal in a situation where the trial court certified that the same was unnecessary to an adjudication of the errors assigned, he could assign error in a cross-bill of exceptions as to that part of the judge's certificate stating no brief of evidence is necessary, on the ground that such statement was a conclusion of law, and, by incorporating the evidence in the cross-bill of exceptions, test the question of whether or not such brief of evidence was in fact necessary, since, in any conflict between the bill of exceptions and the record in a case, the record is controlling. Where there is a conflict between the bill of exceptions and the record as to matters concerning the record in the case, the former must yield to the latter. *Brumfield* v. *Jackson*, 193 *Ga.* 548 (19 S. E. 2d 279); *Silverman* v. *Alday*, 200 *Ga.* 711 (32 S. E. 2d 419).