36432. GULICK *v.* MULCAHY.

DECIDED JANUARY 24, 1957—REHEARING DENIED
FEBRUARY 19, 1957.

159

A. W. Lyle, Ferdinand Buckley, Marshall, Greene & Neely, Jim Moore, for plaintiff in error.

E. Smythe Gambrell, James C. Hill, Gambrell, Harlan, Russell, Moye & Richardson, John W. Chambers, contra.

NICHOLS, J. The one special ground of the amended motion for new trial assigns error on an excerpt from the charge. No brief of the evidence was filed in connection with the motion for new trial and the plaintiff contends that none is required under the act of 1947 (Ga. L. 1947, p. 298; Code, Ann. Supp., § 70-301.1), in view of the recital in the amended motion for new trial to the effect that the verdict for the defendant was not demanded.

The usual certificate of a trial judge approving as true all statements of fact contained in a special ground of a motion for new trial will be construed by this court as approving as true only such statements in the ground as are purely statements of fact, and not as approving other allegations therein, which, although stated as facts, should be construed as mere conclusions of the movant based on facts set forth in the ground. *Miller* v. *Gauntt*, 93 *Ga. App.* 178, 180 (91 S. E. 2d 104), and citations. In the present case the recital in the one ground of the amended

motion for new trial to the effect that the evidence did not demand a verdict for the defendant must be construed as a contention of the movant and not as a statement of fact. In *Willis* v. *Jones,* 89 *Ga. App.* 824 (81 S. E. 2d 517), relied on by the plaintiff in error, an examination of the original record discloses that in that case the trial judge, in a separate order, certified that it was his intention to certify as a statement of fact that the evidence was in conflict. Therefore, that case is distinguishable from the case here under consideration.

In the *Willis* case the trial court certified that the evidence was in conflict and would have authorized a verdict for either side. We think that such certification has no effect whatever on the power of the trial court or the appellate court to determine the primary consideration of whether error was committed. The statute specifically says that where a brief of evidence is necessary in order to determine a ground of a motion for new trial, such ground will not be passed upon in its absence.

Courts, however, are not authorized to reverse on error alone, no matter how flagrant it may be. Error, to be reversible, must be harmful to the complaining party. Error is presumed to be harmful, but it may be and frequently is shown by the brief of evidence in the case to have been harmless due to the fact that the verdict as rendered was in any event demanded by the evidence in the case. It follows that, where an appellate court has determined that error has been committed it is necessary to turn to the record in the case to determine whether it was harmful error. The record may supply this information to the court by having incorporated therein a brief of evidence, which will itself show whether the verdict was demanded. The bill of exceptions may also prima facie supply this information, in lieu of an entire brief of evidence, merely by the certificate of the trial court, as in the *Willis* case, that the evidence is in conflict and would authorize a verdict for either side. *Reynolds* v. *Satterfield,* 86 *Ga. App.* 816 (72 S. E. 2d 811).

Such a certificate in no wise restricts the right of litigants or of the appellate court to have before it all the record which is necessary for the determination of the assignments of error. The right of the trial court to certify that a verdict is not demanded

for either side is prima facie, but not conclusive evidence, that such is the case. In the absence of disagreement by counsel, it will be taken as true. A party dissatisfied may bring up the brief of evidence to support his contention that such is not the case. The plaintiff in error has his remedy by mandamus to compel the trial court to certify the bill of exceptions containing a specification of the brief of evidence (*Petty* v. *Patterson*, 144 *Ga.* 339, 87 S. E. 19), and the defendant in error has his by incorporating the evidence in a cross-bill of exceptions excepting to that part of the judge's certificate stating no brief of evidence is necessary, in order to test the question of whether or not the brief of evidence is in fact necessary, since, where there is a conflict between the bill of exceptions and the record as to matters concerning the record in the case, the former must yield to the latter. *Brumfield* v. *Jackson*, 193 *Ga.* 548 (19 S. E. 2d 279); *Silverman* v. *Alday*, 200 *Ga.* 711 (38 S. E. 2d 419). See also special concurrence in *Stevens* v. *Wright Contracting Co.*, 92 *Ga. App.* 373 (88 S. E. 2d 511).

In view of what has been said above, neither the usual general grounds of the motion for new trial nor the one special ground which assigns error on an excerpt from the charge can be considered where no brief of the evidence was filed. *Welfare Finance Co.* v. *Corbin*, 91 *Ga. App.* 485 (85 S. E. 2d 819). See also *Anderson* v. *Southern Ry. Co.*, 107 *Ga.* 500 (33 S. E. 644), and the judgment of the trial court denying the amended motion for new trial must be affirmed.

*Judgment affirmed. Felton, C. J., Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur.*