43050. WHITUS v. THE STATE.
43056. DAVIS v. THE STATE.

43269. DAVIS v. THE STATE.

QUILLIAN, Judge. The defendant was convicted of violating the State Alcohol Control Act. An appeal was filed and the case is here for review.

The only question raised by the enumeration of errors was whether the trial judge erred in denying the defendant's motion that he be furnished certain information which he con-

tended was essential "in order to ascertain which jurors were qualified to try the case and which were not." *Held:*

Prior to 1947 the Georgia courts had uniformly held that if the evidence demanded the verdict as rendered, a new trial would not be required because of the disqualification of a juror. *Kennedy v. State,* 51 Ga. App. 543, 544 (181 SE 139); *Reed v. DeLaperiere & Smith,* 99 Ga. 93 (24 SE 855); *Frazier v. Swain,* 147 Ga. 654 (3) (95 SE 211). Ga. L. 1947, p. 298 (*Code Ann.* § 70-301.1) provided that briefs of evidence would not be mandatory where there were questions of law which did not require a consideration of the evidence in the case, such as disqualification of the judge or jurors. Since that time there has been some uncertainty as to the effect of that law on the ancient rule contained in *Reed v. DeLaperiere & Smith,* 99 Ga. 93, supra. See *Stevens v. Wright Contr. Co.,* 92 Ga. App. 373 (88 SE2d 511); *Morris v. Braddy,* 203 Ga. 349 (46 SE2d 639); *Huguley v. Huguley,* 204 Ga. 692 (51 SE2d 445); *Hickox v. Griffin,* 205 Ga. 859 (55 SE2d 351).

Under the 1947 Act the courts continued to apply the rule that, where the evidence demanded a verdict, erroneous charges or rulings on special demurrers were not harmful error and cause for reversal. *Gulick v. Mulcahy,* 95 Ga. App. 158, 160 (97 SE2d 362) and *Whitner v. Whitner,* 207 Ga. 97 (60 SE2d 464). However, the Appellate Practice Act repealed the Act of 1947 (*Code Ann.* § 70-301.1) and thereby eliminated the only authority for the proposition that a question involving the disqualification of jurors did not require a consideration of the evidence. Thus, the rule pronounced in *Morris v. Braddy,* 203 Ga. 349 (2), supra, is again the law of Georgia: "A brief of the evidence was necessary to a proper consideration of the one special ground urged in the instant case, since, if the evidence demanded the verdict as returned in favor of the plaintiff, a new trial would not be required because of disqualification of the juror." When the only question for determination requires a consideration of the evidence and where, as in the case sub judice, no transcript of the evidence is contained in the record, the judgment of the trial court must be affirmed. *Seaton v. Redisco, Inc.,* 115 Ga. App. 80 (153 SE2d 728); *Liberty Loan &c. Corp. v. Meeks,* 115 Ga. App. 846 (156 SE2d 172).

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

SUBMITTED JANUARY 4, 1968—DECIDED FEBRUARY 12, 1968— REHEARING DENIED MARCH 5, 1968—CERT.

Edward F. Taylor, Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr., for appellant.

Clarence H. Clay, Jr., Solicitor, Tommy C. Mann, for appellee.

Miller, Miller & Miller, Lawton Miller, amicus curiae.