## 50901. BALL v. POLICE COMMITTEE OF THE CITY OF ATLANTA et al.

EVANS, Judge.

Following a shooting incident by a City of Atlanta police officer, several other policemen were charged with placing a knife known as a "box cutter" in the automobile of the person who had been shot by the police officer.

A hearing was held before the Police Committee of the City of Atlanta as to the charges of conduct unbecoming an officer, conduct tending to reflect discredit

upon the department, and violation of the rules and regulations of said department in that said officers entered into a conspiracy to protect the policeman who shot the deceased, by placing a knife in the automobile of the deceased.

The officers were discharged from employment. Officer W. R. Ball applied for a writ of certiorari to the superior court. The same was sanctioned and after a hearing, it was overruled and denied. The applicant for certiorari, Ball, appeals. *Held:*

1. A trial and conviction pursuant to a city ordinance on charges of conduct unbecoming an officer of the police department in violation of the rules and regulations is a judicial proceeding, and a writ of certiorari will lie. See *Heath v. City of Atlanta,* 67 Ga. App. 85 (1) (19 SE2d 746).

2. Error is enumerated because the police committee was erroneously permitted to have access to an investigative file compiled prior to the trial. Said file allegedly contained statements and other materials outside the record and not admitted into evidence. But the appellant fails to point out wherein the contents of the investigative file may be examined. In order for this court to correct errors of law, it is the duty of the appellant to show the existence of error, and in order to obtain reversal, he must show the error was harmful. See in this connection, *Gulick v. Mulcahy,* 95 Ga. App. 158, 160 (97 SE2d 362); *Midland Properties Co. v. Kennedy,* 100 Ga. App. 37, 38 (110 SE2d 120); *Childers v. Ackerman Const. Co.,* 211 Ga. 350, 356 (86 SE2d 227). The status of this enumeration of error is therefore such that we must hold it to be without merit.

The record shows at page 456 that the chairman's copy of the investigative file was supplied into evidence and marked P-3 for identification, but same cannot be located in the record. The clerk of the lower court advises it is not in the record in the lower court. Same must not have been brought up to that court on certiorari. Without having the same before us, we cannot consider it.

3. No authority is cited which shows the disqualification of any member of the police committee; hence, the denial of the motion to disqualify was not erroneous.

4. Apparently, a polygraph examination was a part of the investigative file [p-3], which is not here before us. Appellant moved for a mistrial contending the committee erred in considering polygraph tests. Again, this investigative file is not before this court to determine what is contained therein. While appellant desires that this court determine whether or not a polygraph test might be considered in an administrative proceeding, no court decisions have been cited nor has he pointed out in what respects there would be error. The cases cited involve a criminal action (see *Salisbury v. State,* 221 Ga. 718, 719 (4) (146 SE2d 776)); but without the contents of the investigative file, we have no way to review this issue.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED OCTOBER 15, 1975.

*Stephen A. Land,* for appellant.
*Henry L. Bowden, John E. Dougherty,* for appellees.