53234. BROWN et al. v. DONAHOO.

MARSHALL, Judge.

Appellants Brown, husband and wife, appeal the grant of a directed verdict against them based upon a counterclaim by appellee Donahoo and the assessment of costs, also in favor of Donahoo. These two actions by the trial court constitute the sole enumerations of error.

The facts show that appellants brought a malicious prosecution complaint against Donahoo. Donahoo answered and counterclaimed for damages based upon an alleged fraudulent contract. The trial court directed a verdict on the counterclaim in favor of Donahoo. Thereafter, the jury returned a verdict for the defendant (Donahoo) and made no other award. In its judgment, the trial court directed that the plaintiffs take nothing, that

the complaint be dismissed on the merits and that Donahoo recover his costs of the action from the Browns. In their notice of appeal, the Browns directed the clerk of court to omit the transcript of evidence and proceedings from the record on appeal. *Held:*

1. Appellants ask this court to consider the propriety of the trial court's action in directing a verdict for the defendant Donahoo on the counterclaim. In the absence of a transcript both sides have argued facts in their briefs. "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel." *Jenkins v. Bd. of Zoning Appeals of City of Columbus,* 122 Ga. App. 412, 413 (177 SE2d 204). In the absence of a transcript of evidence we cannot consider the assignment of error dealing with the directed verdict. *Scott Properties, Inc. v. Lawson,* 124 Ga. App. 158 (183 SE2d 238). When the only question for determination requires a consideration of the evidence and where no transcript of the evidence is contained in the record, the judgment of the trial court must be affirmed. *Davis v. State,* 117 Ga. App. 359, 360 (160 SE2d 670); *Holloway v. Poppell,* 114 Ga. App 531 (152 SE2d 4).

2. The second enumeration of error likewise is without merit. In entering the judgment upon the verdict the trial court assessed costs against the plaintiffs. Code § 24-3401 provides that: "In all civil cases . . . the party who shall . . . fail or be cast in such suit shall be liable for the costs thereof." In this case the Browns sought damages as plaintiffs against Donahoo as defendant. The Browns failed in their recovery. Therefore they are bound to pay the costs. *Markham v. Ross,* 73 Ga. 105; *King v. Cox,* 130 Ga. App. 91, 94 (202 SE2d 216). The parties agreed that the judgment of the trial court is limited to the court costs. By assessing the costs of court against the losing party the trial court merely applied the dictates of the law as it exists. Its action was not only proper but was mandated by statute.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Submitted January 6, 1977 — Decided February 17, 1977.

*Rembert C. Cravey,* for appellants.
*Smith & Harrington, Will Ed Smith,* for appellee.