54217. BALDWIN et al. v. WALKER et al.

MCMURRAY, Judge.

Michael Lee Baldwin, ten years of age, was fatally injured when struck by a pickup truck driven by defendant, William Wesley Walker. At the time Walker was acting within the scope of his duties as an employee of defendant S. & W. Service, Inc. Mrs. Barbara C. Baldwin, mother of the decedent brought her action for damages for the wrongful death of her son, and her husband, Frank B. Baldwin, sought damages for deprivation of services of the child and certain hospital and funeral expenses. The actions were consolidated for trial and the jury returned a verdict in favor of defendants in both actions. The plaintiffs filed motions for new trial which were denied and they appeal. *Held:*

1. Defendant William Wesley Walker testified that he did not see the decedent prior to the collision. There were no other witnesses to the collision. An investigation

was conducted by a Gwinnett County police officer who testified he had no way of determining whether the child was standing or riding his bicycle at the time of the collision, and that he did not know precisely what the child was doing when the collision occurred. His testimony as to physical facts at the scene did not disclose any knowledge in this regard. Therefore, it was error to allow this officer to testify regarding his opinion as to whether the accident would have happened if the Baldwin child had stopped and yielded the right of way before entering the street upon which the accident occurred. No evidence was presented by any witness that the child did not in fact stop and carefully begin to cross the street before being struck by defendant's vehicle. This question and answer invaded the province of the jury. Even an expert witness is not permitted to give his opinion in answer to a hypothetical question based on facts not placed in evidence by other witnesses or on which the expert has presumed knowledge. See in this regard *Braswell v. Owen of Ga., Inc.,* 128 Ga. App. 528 (2) (197 SE2d 463);*Ellis v. Southern R. Co.,* 89 Ga. App. 407 (1) (79 SE2d 541).

2. The investigating police officer testified that the accident occurred in Gwinnett County a short distance outside the city limits of Lawrenceville and that there were no speed limit signs in that area. The court then allowed the police officer to testify over objection that the legal speed limit at the place where the collision occurred was 55 miles per hour. The plaintiffs contend that the court improperly allowed the witness to express a conclusion of law and that the speed limit on that street was a question to be determined by the jury under appropriate instructions from the court. Assuming without deciding that plaintiffs' contentions are correct, we fail to see any manner in which this testimony was harmful to the plaintiffs. Plaintiffs have conceded in their brief that the speed limit was in fact 60 miles per hour (This incident occurred when the speed limit was 60 m.p.h). The uncontroverted testimony of defendant, William Wesley Walker, was that at the time of the collision he was traveling approximately 50 miles per hour. This was within the speed limit as stated by the

police officer and as conceded by plaintiffs. In order to obtain reversal appellant must show not only error but also that the error was harmful. See *Ball v. Police Committee of the City of Atlanta,* 136 Ga. App. 144, 145 (2) (220 SE2d 479); *Gulick v. Mulcahy,* 95 Ga. App. 158, 160 (97 SE2d 362).

3. In view of defendant William Wesley Walker's testimony that he did not see the child prior to the collision, the court erred in charging on the doctrine of sudden emergency as there was no evidence presented of any conduct to which to apply the standard of that charge. See *Rothrock v. Martin,* 138 Ga. App. 16 (1) (225 SE2d 489); *Ford v. Pinckney,* 138 Ga. App. 714, 716 (3b) (227 SE2d 430). This case is unlike *Stripling v. Calhoun,* 98 Ga. App. 354 (1), 357 (105 SE2d 923), wherein a like charge was held to be harmless error. It was harmful in this case for it gave the defendants another defense to which they were not entitled.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED JUNE 28, 1977 — DECIDED SEPTEMBER 7, 1977 — REHEARING DENIED OCTOBER 3, 1977 —

*Shelfer & Shelfer, William S. Shelfer, Jr.,* for appellants.

*N. Forrest Montet, Malcolm P. Smith,* for appellees.