No. 123.—CHARLES DAWTY, plaintiff in error, vs. WM. Y. HANSELL, defendant in error.

[1.] An action to recover real estate at the instance of Wm. Y. Hansell, under the *Short Forms*, cannot be amended by adding a count in the name of John Doe upon the demise of Zachariah Jordan.

Ejectment, in Murray Superior Court.   Tried before Judge TRIPPE, April Term, 1856.

William Y. Hansell commenced an action of ejectment against Charles Dawty, under the Act of 1847, to "simplify and curtail pleadings at Common Law."   At the April Term, 1856, the plaintiff moved to amend his declaration by adding a demise in the name of Zachariah Jordan, leave having been granted at a previous term of the Court to plaintiff to amend his writ, without specifying, however, in what the amendment should consist.

Counsel for defendant objected to the amendment.   The Court sustained the motion and allowed the amendment, and Counsel for defendant excepted.

WALKER, for plaintiff.

UNDERWOOD; AKIN, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] If a person seeking to recover real estate resorts to the *Short Form* allowed by the Statute, he must abide by it. The Act was intended to dispense with the fiction in ejectment, and enable the true owner to recover of the tenant. And when the plaintiff discovers that he has no title in himself, he cannot, either with or without the aid of John Doe, introduce, by way of amendment, another and entirely dif-

ferent party, no more than he could in an action of debt or trover.

Counsel invoke the benefit of the Amendment Law of 1853–'4, and contend that the amendment proposed is either in matter of form or substance; and consequently, the plaintiff is entitled to make it. The ready response is, that what is attempted is no *amendment* at all, but the substitution of a new action. Parties may *amend* their pleadings in any respect and at any stage of the proceedings. But to substitute an action of ejectment in the name of Zachariah Jordan, in the place of that brought by Wm. Y. Hansell against Charles Dawty, is certainly not to *amend* the writ of Wm. Y. Hansell in any respect.

Suits under the Short Forms may be amended so as to make them conform to those forms; beyond, amendments cannot go.