PARK & IVERSON, plaintiffs in error, *vs.* THE PIEDMONT AND ARLINGTON LIFE INSURANCE COMPANY, defendant in error.

1. The office of an innuendo is to explain that which is of doubtful or ambiguous meaning in the language of the publication, but cannot enlarge the meaning of words plainly expressed therein.

2. Where justification was pleaded to an action for a libel which is neither ambiguous nor uncertain, it was not error in the court to charge the jury that they would not determine whether the innuendoes were true or false, but would consider whether the defendant had proved that the published language was true.

3. Whether the language of the publication did or did not charge the plaintiffs with having embezzled the defendant's money, or whether it charged them with having fraudulently appropriated the same, were questions of fact for the jury to determine from the plain, unambiguous language of the alleged libel itself, without any intimation or expression of opinion by the court, as to what offense the publication charged, or whether any was charged.

4. Where the publication charges the plaintiffs, who were insurance agents, with failure to remit premiums collected, it was error in the court to refuse to charge the jury that if the plaintiffs, in good faith, claimed an amount due them as commutation, which defendant refused to allow, and therefore plaintiffs did not settle, then they cannot be truly charged with embezzlement, or fraudulently appropriating the money of defendant to their use, although, on a trial afterwards, it

may have been determined that they were not entitled to such demand. (WARNER, C. J., dissented from this head note.)

5. Where a charge, if given as requested, would not have changed the verdict, its refusal, though error, is no ground of new trial.

Libel.   Innuendo.   Justification.   Charge of Court.   New trial.   Immaterial error.   Before Judge JAMES JOHNSON. Muscogee Superior Court.   November Term, 1873.

Park & Iverson brought case against the Piedmont and Arlington Life Insurance Company for libel, estimating their damages at $20,000 00.  The declaration contained two counts. the first being substantially as follows:   Plaintiffs being insurance agents, the defendant published in two newspapers, the Columbus Sun and Columbus Enquirer, the following card:

"Messrs. Park & Iverson, as agents of the Piedmont and Arlington Life Insurance Company, having failed to report and remit the premiums collected, in accordance with the rules of the company, their agency is from this time canceled, and policy holders are warned against making payments to them."

Meaning and intending, in the said libelous matter, to charge and accuse plaintiffs with having received premiums for policies of insurance, and corruptly and dishonestly failing to report the same to defendant, and meaning and intending in said libelous matter to accuse them of having collected money from policy holders as agents, and of having embezzled the same.

The second count was in substance as follows:   On February 1st, 1871, the defendant published the following circular:

"Messrs. Park & Iverson, of Columbus, Georgia, no longer represent the company.  Their agency was revoked because of their failure to report and remit to us the premiums they had collected.  They not only refused to settle with us, but refused even to turn'over the books and papers of the agency. We regret exceedingly the course Messrs. Park & Iverson have chosen to pursue, but as guardians of a fund, sacred to

the use of widows and orphans, we can never admit, and shall use every available means to prevent any misappropriation of it."

Meaning that plaintiffs had wrongfully and improperly refused not only to account with defendant for moneys received by plaintiffs, but had also wrongfully refused to turn over the books and papers of the agency. Also meaning to charge and accuse plaintiffs with misappropriating a fund sacred to widows and orphans, and with embezzling the same.

The defendant pleaded justification.

The evidence is unnecessary to an understanding of the case. For the remaining facts, see the decision.

R. J. MOSES; M. H. BLANDFORD, for plaintiffs in error.

INGRAM & CRAWFORD, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant, to recover damages for publishing a libel of and concerning them as insurance agents for defendant. The defendant admitted its publication, and alleged in its plea that the facts stated therein were true. On the trial of the case the court charged the jury that the language of the alleged libel was not ambiguous or uncertain, and that the innuendoes in the plaintiffs' declaration did extend the meaning of the language set out in the publication, that such being the case the jury would not determine whether the innuendoes were true or false, but would, from the evidence, determine whether the defendant had proved that the published language was true; if so, they should find for the defendant, if not, then for the plaintiff. The plaintiffs requested the court to charge the jury that the language, charged as published in the first count of the declaration, may be construed to mean that plaintiffs embezzled the money of defendant, and it is for you to determine from the evidence whether, by this publication, the defendant intended to ascribe embezzlement to plaintiffs. The

language charged as published in the second count of the declaration may be construed to mean that plaintiffs fraudulently appropriated the money of defendant, and it is for you to determine from the evidence whether the defendant intended to ascribe to the plaintiff a fraudulent appropriation of money. If you believe from the evidence that plaintiffs, in good faith, claimed the amount due them for commutation which defendant refused to allow, and therefore plaintiffs did not settle with defendant, then plaintiffs cannot be truly charged with embezzlement, or fraudulently appropriating the money of defendant to their use, although on a trial afterwards it may have been determined that such commutation was not a proper charge against the defendant. The foregoing three requests to charge the jury were refused by the court, and the plaintiffs excepted. The plaintiffs also excepted to the charge of the court as given to the jury.

1. In our judgment there was no error in the charge of the court to the jury, on the statement of facts contained in the record. The language of the publication was neither doubtful or ambiguous. The office of an innuendo is to explain that which is of doubtful or ambiguous meaning in the language of the publication, but cannot enlarge the meaning of words plainly expressed therein. If the plain, unambiguous words contained in the publication do not impute a criminal offense, the meaning thereof cannot be enlarged or extended by an innuendo for that purpose; but when the language used is capable of being understood in a double sense, the one criminal and the other innocent, the plaintiff, by making the proper allegations in his declaration, may, by an innuendo, aver the meaning with which he thinks it was published, and the jury may find whether the publication was made with that meaning or not. The truth of an innuendo cannot be proved at the trial; its truth must always depend on the proof of precedent facts which would authorize the innuendo to be made. If the precedent facts alleged in the plaintiffs' declaration do not make out a cause of action against the defendant, an innuendo cannot do it. The plain, unambiguous language of the publi-

cation either imputed a criminal offense to the plaintiffs or it did not, and whether it did or not, the defendant alleged that it was true, and that was the issue to be tried. The issue to be tried was whether the language contained in the publication made by the defendant of and concerning the plaintiffs, according to the plain import and meaning thereof, was true or not; and that was the question which the court submitted under the evidence in its charge to the jury.

2, 3. The two first requests made of the court to charge the jury will be considered together, as both involve the same principle. By the 3248th section of the Code it is declared to be error for the superior courts to express or intimate an opinion as to what has or has not been proved, in its charge to the jury. The first request asked the court to say to the jury that the language contained in the publication offered in evidence did mean to charge the plaintiffs with having embezzled the money of defendant. The second request asked the court to say to the jury that the publication offered in evidence did mean to charge the plaintiffs with having fraudulently appropriated the money of defendant. If the language contained in the unambiguous publication may be construed to mean certain things, then it does mean them, and that is what the court was requested to charge the jury. Whether the language of the publication did or did not charge the plaintiffs with having embezzled the defendant's money, or whether it charged them with having fraudulently appropriated the defendant's money, were questions of fact for the jury to determine from the plain, unambiguous language of the publication itself, without any intimation or expression of opinion by the court as to what offense that publication charged against the plaintiffs, or whether it charged any offense against them. Whatever charge the publication did contain, the defendant alleged to be true, and was bound to prove the truth thereof at the trial, and that was the issue between the parties. The practical effect of these two requests to charge, was to require the court to say to the jury what was the meaning and import of the language contained in the pub-

lication, instead of leaving that question to the jury, whose province it was to determine it, without any intimation or expression of opinion by the court in relation thereto. We find no error in the refusal of the court to give in charge the two first requests of the plaintiffs set forth in the record.

4. It is my individual opinion that the third request to charge was properly refused by the court, in view of the facts contained in the record, because it assumes that the language of the publication did charge the plaintiffs with embezzlement, or a fraudulent appropriation of the defendant's money, but the majority of the court are of the opinion that the third request should have been given.

5. Inasmuch, however, as the refusal of that request did not hurt the plaintiffs, as the verdict under the evidence ought to have been as it is, even if that request had been given in charge, we all concur in affirming the judgment.

Let the judgment of the court below be affirmed.