WILLIS *vs.* MEADORS, executor.

1. The mere recital in a deed that the land conveyed had been set apart as a homestead, is not ground for its rejection as evidence of title. The sale, though private, may have been for some one of the purposes enumerated in the constitution of 1868 as authorizing a judicial sale thereof.
2. Complaint for land cannot be maintained where the proof shows title out of the plaintiff.
3. The abstract of title which, under the statutory form, takes the place of demises, may be amended as readily and as often as under the common law form a new demise might have been laid. But it is not competent to amend such abstract by adding a new party plaintiff, or by setting up a perfect equity in plaintiff's own grantee.
4. Upon a motion for new trial, the whole record is before the court, and if from that it appears that the plaintiff had no right to recover, independently of any errors committed on the trial, the verdict against him should not be vacated.

Homestead. Deeds. Evidence. Complaint for land. Ejectment. Amendment. New trial. Before Judge SPEER. Newton Superior Court. September Term, 1879.

The abstract of title attached to the declaration in this case was as follows :

"Mortgage from Harry Camp to Adams, Hopkins & Co., dated 10th July, 1848, and registered 7th October, 1848, covering the land sued for.

"Mortgage *fi. fa.* in favor of Lambeth Hopkins and Francis T. Willis, survivors, etc., of Adams, Hopkins &

Co., *vs.* Harry Camp. Judgment of foreclosure 31st March, 1854, *fi. fa.* issued 11th April, 1854, levied 20th June, 1854, by Lewis Zachry, deputy sheriff, on the land sued for, sold first Tuesday in August, 1854, to Francis T. Willis."

The defendant, Skinner, who died pending the suit, held under a bond for titles from Thomas Camp. Thomas Camp held under a deed from Harry Camp and his wife. The deed and the bond recited that the property covered thereby had been set apart as a homestead to Harry Camp as the head of a family. Upon this ground they were objected to when offered in evidence. The objection was overruled.

The evidence showed clearly that the title to the property sued for was not in the plaintiff at the time of the commencement of the suit, if it ever had been before; that whatever interest he had ever had therein was transferred by him before suit; that whilst he had no knowledge of the suit having been commenced in his name, and had not authorized it, yet upon being informed thereof he did not object as he understood it was proceeding for the benefit of the party to whom he had transferred whatever title he had.

The jury found for the defendant. The plaintiff moved for a new trial because of the admission of the bond for title and deed as above stated, and upon numerous other grounds not deemed material here.

The point as to the absence of title in the plaintiff seems not to have been made upon the trial and it was insisted that it could not be considered as a ground for refusing a new trial.

The motion was overruled and the plaintiff excepted.

For the remaining facts, see the opinion.

CLARK & PACE, for plaintiff in error.

J. J. FLOYD, for defendant.

CRAWFORD, Justice.

In August, 1854, the lands involved in this litigation were sold under a mortgage *fi. fa.* in favor of *Adams, Hopkins & Co., vs. Harry Camp,* and bought by Willis, the plaintiff in error and a member of the firm, at $800.00; which sum was credited on the *fi. fa.,* and an entry thereof made by the sheriff on his docket. No further action was taken, or had either by the sheriff, the defendant in *fi. fa.,* or the purchaser. The defendant in *fi. fa.* continued in the uninterrupted possession of the land from the sale in August, 1854, to November 28th, 1870, and then sold it to Thomas Camp, who sold it to John Skinner, December 17th next thereafter.

On the 24th day of February, 1874, this suit was brought in the statutory form to recover the land from Skinner by Willis, the plaintiff in error. The defendant pleaded the general issue and the statute of limitations, and the issues thus made were found by the jury in favor of the defendant, whereupon the plaintiff moved for a new trial, which was refused and he excepted.

The legal questions which arise on this motion and which must control the case are:

1. Whether a deed which in its recitals shows that the land conveyed had been set apart as a homestead, should be rejected as evidence conveying title? There are cases in which such a deed should be rejected, as for instance, one showing on its face that the sale of the homestead was made upon a consideration other than those specifically enumerated in the constitution. But the mere recital that the land conveyed had been so set apart, would not *ipso facto* authorize its rejection. It is provided in that organic law which has been invoked against this construction, that a homestead may be sold at a judicial sale to enforce a judgment, decree or execution against it for purchase money, labor done or material furnished therefor, money borrowed and expended in their improvement, or the removal of incumbrances thereon.

If therefore a claim resting upon any of these constitutional exceptions may be enforced *by law*, why may not the parties themselves provide for the discharge of such liabilities without waiting to be forced by a judgment or decree to comply therewith? Whatever the law will *compel* a man to do, that he may and should do *without compulsion.* The ruling which we make in this case is not in conflict with that made in *Roberts et ux. vs. Trammel*, 55 *Ga.*, 383, for there, upon the very face of the deed itself, it was recited that the consideration was not only without constitutional warrant, but utterly subversive of all the rights intended to be secured thereby. The mere recital therefore of the fact that the land had been set apart as a homestead would not, *per se*, authorize the court to repel it as evidence.

2–3. Can the action of complaint for land be maintained where the proof shows the title out of the plaintiff? and if not, may an amendment thereto be made by adding the name of the true owner?

We think that it is hardly needful to say that a plaintiff in ejectment must recover upon the strength of his own title, as it has been so long and so well settled by all the authorities upon the subject. Under the act of 1847, when adopted as to the form of the suit, the plaintiff comes into court asserting title in himself, and if his abstract of title is supported by proof that he has it from *any of his grantors* it will be sufficient, but if it is shown that he has parted with his title his standing in court is gone.

Where the common law form of ejectment is adopted, the plaintiff, John Doe, may lay as many demises as he pleases, and if he show title under any one of them he can recover, but where title is shown out of all his lessors he too must fail. He may use the names of any of his lessors without their consent to maintain his action and by bringing his title into them he can recover, and he may add, by way of amendment, new demises whenever it is necessary to maintain his suit.

The statutory form substitutes the abstract of title and

dispenses with demises, and the plaintiff may amend his abstract as easily and as often as under the common law form a new demise might be laid, and thus invoke the title of any of his grantors to sustain his own. But to allow an abstract to be amended by adding the title or setting up a perfect equity in *plaintiff's own grantee* would be violative of both law and precedent.

4. It was insisted on the argument before us, that upon the trial of this case in the court below, that there was no objection made by the defendant to the want of title in the plaintiff as a ground for a verdict in his favor, and that the same was not considered until the hearing of the motion for the new trial when the judge refused the same, because under the law and the evidence he could not recover, as he had shown that he had no title to the premises sued for at the time the action was brought.

The ground of error complained of is, that this objection was not made at the proper time, and because it was ruled upon when there was no opportunity to amend.

This would be so if the whole record were not before the judge on the motion for a new trial, but as it is before him, if it should appear thereby that under the law and the evidence the plaintiff had no right to recover, independently of any errors committed on the trial, it would be his duty to refuse it. Nor could the plaintiff have amended this suit by adding a new party at any stage of the cause, because it would have been a new plaintiff and a new cause of action. In the case of *Neal vs. Robertson*, 18 *Ga.*, 399, it was held that " an amendment to an action for land brought under and by virtue of the act of 1847, which amendment proposes to insert other plaintiffs, viz : the heirs of the grantee, is not admissible." The same is reaffirmed in 20 *Ga.*, 659, 29 *Ib.*, 320 and in the 52d *Ib.*, 539.

The judgment of the court for these reasons must be affirmed.