30633. GEORGIA STAGES INC. *et al.* v. PITMAN.

FELTON, J. 1. In the trial of an action brought by a son to recover damages for the death of his father alleged to have been caused by the negligence of one of the defendants, in which the question of comparative negligence and the question whether the deceased could have avoided the negligence of the defendants by the exercise of ordinary care were involved, it was error to charge the jury as follows: "I also charge you, gentlemen, that if you find from the evidence that the defendants were guilty of some negligence, but that their negligence was not so great as the amount of negligence of the plaintiff, that is, the deceased was guilty of more negligence than the defendants, and if you further believe that in the exercise of ordinary care he could have avoided the consequence caused by the defendants' negligence, there should be no recovery." The plaintiff would not be entitled to recover if the negligence of the deceased, prior to the time of the discovery by him of the defendants' negligence, or to the time when it should have been discovered by the exercise of ordinary care, was greater than that of the defendants or equal to it, irrespective of whether the deceased could have avoided the negligence of the defendants by the exercise of ordinary care. Likewise, the plaintiff would not be entitled to recover if the defendants' negligence was greater than that of the deceased if the deceased could have avoided the negligence of the defendants by the exercise of ordinary care after the defendants' negligence was discovered or could have been discovered by the exercise of ordinary care. Code, § 105-603; *Macon & Indian Springs St. Ry. Co.* v. *Holmes,* 103 *Ga.* 655 (30 S. E. 563); *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802); *Atlanta, Knoxville &c. Co.* v. *Gardner,* 122 *Ga.* 82 (49 S. E. 818); *Benton Rapid Express* v. *Sammons,* 63 *Ga. App.* 23 (10 S. E. 2d, 290), and cit.

2. The court erred in charging the jury that if the deceased was less negligent than the defendants and could have avoided the consequences of the defendants' negligence by the exercise of ordinary care the amount of recovery should be reduced to such amount as would be propor-

tionate to the amount of fault attributable to the defendants. Code, § 105-603.
3. The other ground of the motion is without merit.
4. The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*

DECIDED OCTOBER 27, 1944.

*Brandon, Matthews, Long & Nall,* for plaintiffs in error.
*T. O..Hathcock,* contra.