HICKOX *v.* GRIFFIN.

No. 16715. SEPTEMBER 16, 1949. REHEARING DENIED OCTOBER 13, 1949.

860

*Memory & Memory*, for plaintiff.
*Blalock & Blalock*, for defendant.

HEAD, Justice.  ■  The plaintiff's deed does not describe his property by courses and distances, but only names the adjoining landowners, and describes his property as "bounded on the west by the lands of Floyd Lee and lands of Harvey Griffin," the defendants. The plaintiff, in order to recover the lands claimed by him, would therefore be required to show that the lands for which he sued were not "the lands" of the defendants.

Counsel for the plaintiff insist in their brief that the evidence demanded a finding for the plaintiff. This contention is not sustained by the record. The plaintiff failed to establish his contentions by a preponderance of the evidence. On the contrary,

the testimony offered in his behalf shows that, if a line between the plaintiff and the defendants should be established as insisted upon by the plaintiff, he would acquire improvements, ranging in age from 10 to 40 years, made upon the land by the defendants. The plaintiff's testimony did not fix any line between his property and that of the defendants so as to sustain a verdict for him.

The uncontradicted evidence for the defendants shows that, while P. D. Griffin and his son, F. H. Griffin, never surveyed the line "commencing at Dick's Branch 130 yards above the ford and from thence north to spring head," they did by agreement and acquiescence establish a dividing line between their properties. This dividing line was recognized by the coterminous proprietors for approximately forty years prior to the time the plaintiff acquired title to his property.

"An unascertained or disputed boundary line between coterminous proprietors may be established either (1) by oral agreement, if the agreement be accompanied by actual possession to the agreed line or is otherwise executed; or (2) by acquiescence for seven years, by acts or declarations of owners of adjoining land, as provided by the Code, § 85-1602. *Gornto* v. *Wilson*, 141 *Ga.* 597 (2) (81 S. E. 860); *Hart* v. *Carter*, 150 *Ga.* 289 (103 S. E. 457); *Barfield* v. *Birrick*, 151 *Ga.* 618 (2) (108 S. E. 43); *Farr* v. *Woolfolk*, 118 *Ga.* 277 (2) (45 S. E. 230); *Osteen* v. *Wynn*, 131 *Ga.* 209 (3, 4) (62 S. E. 37, 127 Am. St. R. 212); *Brown* v. *Hester*, [169 *Ga.* 410 (150 S. E. 556)]." *Bradley* v. *Shelton*, 189 *Ga.* 697 (4) (7 S. E. 2d, 261).

The evidence demanded the verdict returned by the jury in favor of the defendants.

■ There is considerable testimony as to the existence of a prior completed gift from P. D. Griffin to his son, F. H. Griffin; and ground two of the amended motion for new trial is based upon alleged error of the trial judge in admitting such testimony, it being contended that any such agreement between the parties was merged in the written instrument, and that the evidence objected to was an attempt to vary the terms of the instrument by parol.

Conceding, but not deciding, that the alleged parol gift was merged with the written deed, and that evidence to establish a

completed parol gift was inadmissible for that purpose, it is nevertheless obvious that most, if not all, of the evidence so admitted tended to establish an agreement between coterminous landowners as to where the dividing line between their property should be, and acquiescence thereafter by themselves and their successors in title as to such a line. Where the evidence is admissible for any purpose, its admission will not cause a new trial. *West* v. *West*, 199 *Ga.* 378 (34 S. E. 2d, 545).

■ In grounds 1, 3, 4, 6, 7, 8, and 9, error is assigned upon charges of the court, and in ground 5 error is assigned upon a failure of the court to charge. Whether or not the court erred in charging the jury, or in failing to charge, as contended by the plaintiff, a reversal of the judgment denying the motion for new trial is not required. The verdict was demanded by the evidence, and it will not be reversed by this court on the ground of an erroneous charge or failure to charge. *Park & Iverson* v. *Piedmont & Arlington Life Ins. Co.*, 51 *Ga.* 510; *Willis* v. *Meadors*, 64 *Ga.* 721 (4); *Richardson* v. *Hairried*, 202 *Ga.* 610 (44 S. E. 2d, 237).

■ Ground 10 complains of the overruling of a motion of the plaintiff's counsel, made during the course of the trial, to disqualify one of the jurors on the ground of relationship.

"The evidence demanded the verdict. Therefore the fact that one of the jurors who tried the case was related to one of the parties within the prohibited degrees will not require a new trial." *Frazier* v. *Swain*, 147 *Ga.* 654 (3) (95 S. E. 211).

The judgment of the trial court in overruling the motion for new trial was without error.

*Judgment affirmed. All the Justices concur.*