37027. ROSEBERRY *et al. v.* FREEMAN.

546

Decided April 8, 1958—Rehearing denied April 24, 1958.

**548**

*Greene & Neely, Ferdinand Buckley, Harry L. Greene,* for plaintiffs in error.

*Johnson, Hatcher & Meyerson, Henry M. Hatcher, Jr.,* contra.

QUILLIAN, Judge. ■ The plaintiffs in error, R. O. Roseberry and Mrs. R. O. Roseberry, will be referred to as the defendants, and Mrs. S. A. Freeman, defendant in error, as the plaintiff, the parties having occupied those respective positions in the trial court.

The defendants insist on only one of the general grounds of the motion for new trial, that the verdict was not supported by the evidence because the evidence adduced upon the trial demanded the conclusions: (a) that the plaintiff's negligence was the proximate cause of her injuries; (b) that she did not exercise ordinary care for her own safety or the same degree of care to discover the defendant's negligence or to avoid its consequences; (c) that the plaintiff was engaged in the commission of a criminal act when her injuries were sustained. The defendants insist that the plaintiff violated Code (Ann.) § 68-1660 which pro-

vides: "(a) Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway. (b) Where sidewalks are not provided any pedestrian walking along and upon a highway shall when practicable walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction. (c) No person shall stand in a roadway for the purpose of soliciting a ride from the driver of any vehicle. (Acts 1953, Nov. Sess., pp. 556, 593)."

The evidence showed that a sidewalk was provided along the approach to the Liberty Guinn School, that while the plaintiff was traveling the same with her son of tender age whose hand she was holding, the two arrived at a point on the sidewalk where an excavation had been dug for some purpose in which men were working and before which was placed a sawhorse. The excavation extended from the inside of the sidewalk to within eighteen inches of its outer edge. When the plaintiff and her son approached she placed him on the curb and stepped down upon the edge of the street or roadway in order to pass around the excavation. According to several witnesses, when the plaintiff had reached a point equal with the excavation, she was struck down by the automobile operated by the defendant, Mrs. R. O. Roseberry. These witnesses related that Mrs. Roseberry, just before and at the time the automobile collided with the plaintiff, was looking across the roadway and keeping no lookout in the direction she was driving. The plaintiff testified that before she stepped into the street she took the precaution to look for approaching vehicles and none were moving in the direction she was walking.

There is no definition of a sidewalk contained in Chapter 68 or elsewhere in the Code of Georgia, but it is certain that where, as in this case, there is an excavation extending from the property line across the walkway, leaving only an eighteen-inch ledge, such ledge cannot be held as a matter of law to be a sidewalk within the contemplation of Code (Ann.) § 68-1660, or that in such circumstances it was practical for the plaintiff to walk so as to face approaching traffic.

The verdict is supported by sufficient competent evidence and there is no merit in the general grounds.

■ The first special ground of the motion for new trial asserts that the court erred in charging the jury: "I charge you, gentlemen, that the law puts upon a person the burden of being in the exercise of ordinary care for her own protection and safety and ordinary care means that the plaintiff must have been in the exercise of that care and caution which ordinarily prudent persons exercise under the same similar circumstances; and if the plaintiff in this case, by the exercise of ordinary care for her own safety, could have avoided an injury to herself, even though the defendant were negligent, the plaintiff cannot recover. The law provides that if the plaintiff, by ordinary care, could have avoided the consequences to herself caused by the defendant's negligence, she is not entitled to recover. One is bound to use ordinary care to avoid the consequences of another's negligence, provided, however, this duty does not arise until the negligence of such other is existing or is apparent or the circumstances are such that an ordinarily prudent person would have reason .to apprehend its existence."

The ground contains four exceptions to the charge. Three of these exceptions though variously phrased raise the same point, that the jury was not instructed that the plaintiff was required to exercise care for her own safety before the alleged negligence of the defendant existed or became apparent, whereas the law imposed upon the plaintiff the duty to exercise ordinary care for her own safety at all times, prior to the existence or discovery of the defendant's negligence especially since she was, as the defendants contend, violating Code (Ann.) § 68-1660 to which reference has been made in discussion of the general grounds. The ground also asserts that the charge is error because incorrect as an abstract principle of law.

The defendants invoke the principle that one who violates the law must anticipate that others will likewise fail to comply with its mandates. The rule is sound, but does not impose upon the plaintiff whose failure to exercise ordinary care for her own safety consists of a mala prohibita violation of the law to anticipate the exact act of negligence that others may lawfully or unlawfully commit. Whether a plaintiff's failure to exercise ordinary care arises out of simple negligence or is negligence per

se, stemming from the infraction of a public statute, his duty to discover and avoid the consequences of the defendant's negligence is the same.

In *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 419 (91 S. E. 517) it is held: "But we know of no distinction recognized by law whereby the plaintiff's right to recover is affected in a greater or less degree according to whether negligence on his part follows as a matter of law from a fact proved, or whether the question of negligence as well as the fact itself is a matter to be determined by a jury. The difference between negligence per se and other negligence is in the mode of establishing negligence. In the one case the law itself establishes negligence when a certain act or omission is proved, while ordinarily the question whether a proved fact constitutes negligence is left to the determination of a jury. Whether negligence be established in the one mode or in the other makes no difference in its legal effect when established."

The rule we have stated above is splendidly expressed by Justice Atkinson in *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 (91 S. E. 29). Another opinion tersely stating the same rule is found in *Minnick* v. *Jackson,* 64 *Ga. App.* 554, 563 (13 S. E. 2d 891), "The mere fact that the plaintiff was violating a speed regulation would not necessarily and as a matter of law preclude a recovery."

The charge complained of very plainly placed the burden on the plaintiff to exercise ordinary care for her own safety without regard to whether the defendant was negligent. It was not error because it failed to include instructions that it is the duty of a plaintiff himself negligent in violating the law to anticipate similar negligence on the part of the other. If such a charge had been desired it should have been requested, and in the view we take of the case, even if requested, would not have been adjusted to the issues of the case.

The charge is not for any reason assigned by the defendants, or for any that occurs to us an abstractly incorrect statement of the law. The ground is without merit.

■ ■ The second ground complains that the court erred in charging the jury: "In paragraph 12 (c) the plaintiff alleges that

the defendant Mrs. Roseberry was negligent in failing to yield the right of way to the plaintiff who was already in the street upon the approach of defendants' automobile. Now, in respect to that allegation, gentlemen, you will determine what the facts are, under the evidence presented in the trial of the case, and you will measure the evidence by the rules of law I have given you for determining negligence and ascertain therefrom whether or not the defendant was negligent in the particular respect charged in that portion of the plaintiff's petition which I have just read to you."

The exception to the charge is that it submitted to the jury the issue as to whether the plaintiff or the defendant, Mrs. Roseberry, had the right of way on the occasion of the collision, whereas, such issue was not made by the pleadings and proof in the case. The ground is incomplete and presents no question for review, because, while clearly indicating that there were allegations of the petition which undertook to show the plaintiff had the right of way and that evidence was submitted on the issue, the ground did not allege that it contained or specified all the evidence submitted on the issue. *Burleyson* v. *Western & Atlantic R. Co.*, 91 *Ga. App.* 745 (87 S. E. 2d 166); *Sharpe* v. *Frost*, 94 *Ga. App.* 444 (95 S. E. 2d 309); *Wilson* v. *Garrett*, 92 *Ga. App.* 820 (90 S. E. 2d 74).

A ground which does not purport to set out, state the substance or specify all of the evidence submitted on an issue and which is necessary to a clear understanding of the exception it takes to a charge is as incomplete as if it contained or specified none of the evidence. However, if the ground had met every technical requirement, it would not have been meritorious. This is true because as held in the general ground it was a question for the jury as to whether the plaintiff was within her legal rights in the manner she was traveling the street when struck by the defendant's car.

■ The defendants insist that the evidence did not disclose that Mrs. Roseberry was violating a public law hence she could not have failed to yield the right of way. In support of this position they cite *Sweeney* v. *City of Albany*, 94 *Ga. App.* 887 (96 S. E. 2d 527). That case holds that where a particular rule

prescribed by an ordinance is not shown by the evidence to have been violated the conviction of the defendant for the infraction of the rule must be reversed. The rule was a part of the City of Albany's ordinances relative to yielding the right of way at intersections. The *Sweeney* case does not undertake to define the term "right of way" generally, nor does it hold that a failure to yield the right of way necessarily involves the violation of the law.

Right of way as defined by statute means "the privilege of immediate use of the roadway." Code (Ann.) § 68-1504 (8a).

In *O'Dowd* v. *Newnham*, 13 *Ga. App.* 220 (1, 2) (80 S. E. 36) the learned and lamented Chief Justice Russell when on the bench of this court wrote: "A pedestrian and a person with an automobile have each the right to use the public highway, but the right of an operator of an automobile upon the highway is not superior to the right of the pedestrian, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other. The driver of an automobile is bound to use reasonable care to anticipate the presence on the streets of other persons having equal rights with himself to be there; and a pedestrian, when lawfully using the public highways, is not bound to be continually looking and listening to ascertain if auto-cars are approaching, under the penalty that if he fails to do so and is injured it must be conclusively presumed that he was negligent."

In holding the case referred to applicable to the facts of this case, we have considered the legal principle that under the traffic laws of force when the *O'Dowd* case was written or under the Uniform Traffic Act regulating traffic on the highway embodied in Chapter 68 of the present Code at a particular time or place a pedestrian may not have the right to travel over or across the highway. For instance where there is a sidewalk upon which the pedestrian may walk, or it is practical for him to travel the highway at a given place "facing traffic" he does not have a right to walk in the highway or street or walk upon the same in a manner different from that required by the statute.

But in the discussion of the general grounds we held that the evidence did not demand a finding that there was at the place

where the plaintiff entered the street a sidewalk upon which she was required to walk, or that under the evidence adduced upon the trial of the case it was practical for the plaintiff to walk so as to face approaching traffic.

■ Ground 3 which complains that a correct charge of the court failed to instruct the jury as to other legal principles pertinent to the issues of the case is without merit (*Crawford* v. *Western & Atlantic R.*, 51 *Ga. App.* 150 (1), 179 S. E. 852; *Pollard* v. *Harris*, 51 *Ga. App.* 898, 181 S. E. 593), particularly since elsewhere in the charge the very principles which the defendants complain were omitted from the quoted excerpt of the charge were fully and correctly stated.

■ The fourth ground complains that the jury was instructed in a manner which excluded that defense presented by the defendants' answer and supported by proof that the plaintiff caused the incident resulting in her injuries by her own lack of care, and that her negligent conduct was the sole proximate cause of her injuries. A careful examination of the criticized excerpt discloses that it alluded to the fact that the court had previously instructed the jury as to the duty of the plaintiff to avoid the consequences of the defendant's negligence. The ground does not disclose what those instructions were and is for that reason too incomplete to invoke any ruling. However, review of the charge as a whole discloses, that instructions to the jury clearly and accurately submitted the very defenses that the defendants complained were excepted from the excerpt of the charge upon which error is assigned. The ground is without merit.

■ Ground 5 assigns error because the court erred in refusing the defendants' request to charge the jury: "I charge you gentlemen of the jury, that the plaintiff in this case was required to be in the exercise of ordinary care for her own safety and if you believe that the plaintiff was not in the exercise of ordinary care for her own safety and that by the exercise of ordinary care she could and should have avoided any injuries which she may have sustained then the plaintiff cannot recover and it would be your duty to return a verdict for the defendants."

The fate of this ground rests upon the simple principle that there is no error in refusing a request to give an incorrect charge.

*Howard* v. *State,* 60 *Ga. App.* 229 (4 S. E. 2d 418); *Hunt* v. *Pollard,* 55 *Ga. App.* 423, 426 (190 S. E. 71); *Goodwin* v. *Allen,* 89 *Ga. App.* 187 (78 S. E. 2d 804); *Norris* v. *State,* 184 *Ga.* 397 (191 S. E. 375).

In *Smithwick* v. *State,* 199 *Ga.* 292 (7) (34 S. E. 2d 28) it is said: "A request to charge should itself be correct, and even perfect." The requested charge was not sound for the reason that it instructed the jury that in order for the plaintiff's negligence to bar her right of recovery she must have been guilty of a failure to exercise ordinary care for her own safety and likewise have failed to exercise ordinary care to avoid the negligence of the defendants, whereas under the law if she failed in the latter duty only her action was barred. *Georgia Stages* v. *Pitman,* 71 *Ga. App.* 671 (31 S. E. 2d 887). It was further incorrect for the reason that there was no evidence that authorized the conclusion that the defendant's negligence became apparent or could by ordinary care on the plaintiff's part have been discovered.

■ Ground 6 complains of the charge: "Now, gentlemen, if at this point in your deliberation you have reached the conclusion, that under the evidence and under the law as charged you by the court, there is liability on the part of the defendants to the plaintiff by reason of the alleged injuries then you would go into the matter of determining what were the alleged injuries and damages to the plaintiff and what she is entitled to recover therefor."

We have carefully considered each criticism the ground makes of the charge, and are of the opinion that the charge is sound, applicable to the issues, and subject to none of the exceptions taken to it.

■ ■ The seventh ground of the motion for new trial complains that Dr. Bondurant, a plaintiff's witness, was permitted to make answers to two questions propounded to him to wit: "Q. Does traumatic arthritis frequently, or infrequently result from injuries to joints? A. It frequently occurs, particularly in weight bearing joints. Q. If it should develop that Mrs. Freeman is still having pain in this joint two years after the accident, or a year and a half after the accident, would it be possible that there could have arisen arthritis from the nature of this injury

to her ankle, resulting from this injury, she could be suffering traumatic arthritis in her ankle bone, and would that tend to cause pain? A. Yes."

The ground does not allege that any objection was made to the witness's answer to the first question. To the admission of the second answer the objections interposed by the deefndants were: (1) Because the question of whether the plaintiff did or did not have arthritis was not made the basis of the claim sued on. (2) That the question asked dealt with a possibility.

If the objection had been good, it would have presented no cause for the grant of a new trial, since the ground itself reveals that other testimony of similar nature and like import was admitted without objection. *Parker* v. *Vrooman*, 87 *Ga. App.* 287 (2) (73 S. E. 2d 777); *Steinmetz* v. *Chambley*, 90 *Ga. App.* 519 (5) (83 S. E. 2d 318); *Sechler* v. *State*, 90 *Ga. App.* 700, 705 (83 S. E. 2d 847). The answer to the first question propounded to the witness, quoted in the ground and admitted without objection, tended in equal degree to prove substantially the same fact as the second answer to which the objection was interposed.

However, for other equally good reasons the first objection to the witness's answer is without merit. The ground does not contain an allegation that the testimony objected to was not relevant to issues made by the pleadings, but simply that it did not tend to establish the basis upon which the plaintiff sought to recover. The test of admissibility as applied to evidence submitted by the plaintiff is not simply whether it tends to prove the averments of the petition but whether it is relevant to any issue made by the pleadings, and proof of facts collaterally pertinent to the issue on trial, though they are not alleged in the petition are admissible on behalf of the plaintiff. *Hotel Dempsey Co.* v. *Miller*, 81 *Ga. App.* 233, 238 (58 S. E. 2d 475). And evidence admissible for any purpose should not be excluded. *Renfroe* v. *State*, 54 *Ga. App.* 215 (2) (187 S. E. 623); *McKoy* v. *Enterkin*, 181 *Ga.* 447 (1) (182 S. E. 518); *Hickox* v. *Griffin*, 205 *Ga.* 859 (2) (55 S. E. 2d 351).

■ Under the allegations of the petition that the plaintiff sustained an injury to her ankle, evidence tending to prove that such injury resulted in traumatic arthritis was admissible. It

was relevant to show the extent of the injury and to illustrate the issues as to the plaintiff's pain and suffering. *Central R. Co.* v. *Mitchell*, 63 *Ga.* 173 (2); *Atlanta Ry. &c. Co.* v. *Maddox*, 117 *Ga.* 181 (43 S. E. 425); *Southern Bell Tel. &c. Co.* v. *Lynch*, 95 *Ga.* 529 (20 S. E. 500).

The second objection recited in the ground interposed to the same answer, as was the first, was very meager, but we interpret it to raise the point whether evidence to the effect that a particular condition may result from a given injury is admissible. Neither the objection nor the ground in which it is contained makes clear the circumstances under which the evidence was offered, or for what purpose it was introduced. There are, of course, instances in which the fact that disease may possibly be caused by an alleged injury is admissible. In personal injury cases, and more frequently in workmen's compensation cases, the defendant or insurance carrier, submits medical testimony that the injury sustained by the plaintiff or claimant, could not as a matter of possibility have resulted in the disability alleged in the petition or shown by the claimant's proof. In such circumstances, in addition to other evidence that the plaintiff or claimant may submit in proof of the disability claimed by him, he may introduce other evidence in rebuttal of that submitted by the defendant or insurance carrier, that the injury may in the range of possibility cause a particular disease and the disease result in the disability alleged in the petition or shown by his proof. The second objection in the form in which it is presented must be held to be without merit.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*