21382.    HETHCOCK v. PADGETT.

Submitted September 12, 1961—Decided October 5, 1961.

*Brannon & Brannon, A. B. Tollison, Jesse Watson, H. G. Vandiviere,* for plaintiff in error.

*Leon Boling,* contra.

MOBLEY, Justice. ■ "An unascertained or disputed boundary line between coterminous proprietors may be established either (1) by oral agreement, if the agreement be accompanied by actual possession to the agreed line or is otherwise executed; or (2) by acquiescence for seven years, by acts or declarations of owners of adjoining land, as provided by the *Code,* § 85-1602." *Hickox v. Griffin,* 205 Ga. 859 (55 SE2d 351).

In the case now under consideration the evidence indicates that the boundary line propounded by the defendant has been established by both of the above methods.

Counsel for the plaintiff contend that the boundary line was not unascertained or in dispute and thus was incapable of being established by either of the methods set out in the *Hickox* case. Their contention in this regard cannot be supported. While it is true that the boundary, which was a land lot line, was ascertainable, yet, as between the parties to the agreement, it was, prior to and at the time of the agreement, unascertained.

The factual situation here involved is not unlike that in *Warwick v. Ocean Pond Fishing Club,* 206 Ga. 680 (58 SE2d 383), in which the court stated: "The line is definite in so far as the words of the deed are concerned; but it had never, with the use of the deed as a guide, been located and marked upon the land itself. Despite the clarity of the deed, it remained necessary to ascertain, by measurement, the location upon the land of the dividing line, and hence it must be held that the line was uncertain and unascertained, in contemplation of the rule for the establishment of a line by acquiescence."

Thus the agreement between the defendant and Mrs. Bram-

blett effectively fixed the boundary line and was binding upon Mrs. Bramblett and her successors in title, in which category the plaintiff falls. See also *Ivey v. Cowart*, 124 Ga. 159 (4) (52 SE 436, 110 ASR 160).

The evidence adduced by the plaintiff to the effect that the defendant admitted after the survey that he "just bought up to the line" and defendant's alleged offers after the survey to buy the property or move his poultry houses, even if true, are not in conflict with and do not dispute the testimony given by the defendant and corroborated by Mrs. Bramblett, the plaintiff's predecessor in title, to the effect that they had agreed upon the location of the line and that, pursuant to such agreement, the defendant had erected poultry houses and other improvements just north of the line agreed upon. Nor is the evidence of seven years' acquiescence by all parties as to the boundary agreed upon contradicted by the plaintiff.

Furthermore, there is abundant evidence that, at the time the plaintiff purchased the property from Mrs. Bramblett, there were facts sufficient to put him on notice of the boundary line which had been agreed upon between his grantor and the defendant, e.g., the poultry houses, fences, etc.

■ The verdict rendered was demanded by the evidence. Accordingly, the special grounds in the plaintiff's motion for new trial, all of which relate to the charge of the court, need not be considered. *Park & Iverson v. Piedmont &c. Ins. Co.*, 51 Ga. 510 (5); *Willis v. Meadors*, 64 Ga. 721 (4); *Richardson v. Hairried*, 202 Ga. 610 (44 SE2d 237); *Hickox v. Griffin*, 205 Ga. 859, supra.

*Judgment affirmed. All the Justices concur.*