22888. GREEN v. HOLLOWAY et al.

ARGUED MARCH 8, 1965—DECIDED APRIL 12, 1965.

*Wyatt & Wyatt,* for plaintiff in error.

*Robert E. Williams,* contra.

ALMAND, Justice. L. G. Green in his suit against Mrs. T. C. Holloway and others sought damages and injunctive relief by reason of their alleged trespass on land to which he asserted title. In their answer the defendants Holloway and Costley by cross action sought similar relief against the plaintiff. They

alleged that the plaintiff was guilty of trespassing on the land formerly owned by Holloway and now owned by defendant Costley.

On the trial of the case before the court and a jury the evidence disclosed: that in August, 1952, one J. H. Gordy owned a tract of land known as Lot 74 in Block E of the Sunnyside Subdivision in Troup County as shown by a plat recorded in the office of the Clerk of the Troup Superior Court; that on August 2, 1952, Gordy by warranty deed, conveyed the southern portion of this lot to L. C. Hayes who on September 3, 1954, conveyed by warranty deed the property to the plaintiff; that Gordy, on August 22, 1953, conveyed the northern portion of Lot 74 by warranty deed to the defendants' predecessor in title.

The main and controlling issue on the trial was as to the location of the dividing line between the north portion of the plaintiff's lot and the south portion of the defendant's lot, the land involved being a strip about six feet in width. The plaintiff contended that for more than seven years prior to the institution of the suit he had occupied this strip of land without objection from the defendants and that they were barred by acquiescence from asserting that the dividing line as claimed by him was not his true line under *Code* § 85-1602. Evidence was introduced by the plaintiff in support of his contention. The defendants introduced evidence that no dividing line had been agreed upon and denied that they had acquiesced in the line claimed by the plaintiff. They introduced in evidence a plat made in 1963 by a registered surveyor who testified he surveyed the two tracts of land according to the description contained in the respective deeds and found that the plaintiff had encroached, by structures on the land, almost six feet beyond the north portion of his lot onto the south portion of the defendants' lot as shown by his survey.

The jury found for the defendants in their cross bill on the prayer for injunctive relief. The plaintiff's motion for a new trial being overruled, he brings the case here for review.

■ The defendants offered in evidence a plat of Lot 74 showing the boundary and dividing lines of the two lots of the respective parties. Counsel for the plaintiff stated that he did

not object to the plat itself, but did object to certain writings on the plat, which were made by the surveyor. These were type-written words on the plat such as: "iron pin found 6.24′ from corner claimed by L. G. Green to be lot corner"; "toilet encroachment"; "fence encroachment." The objection was that these statements on the plat were hearsay. The admissibility of the plat was not subject to this objection. Rule 85 of the Superior Court Rules (*Code* § 24-3385) provides: "Every surveyor shall represent on his plat, as nearly as he can, the different inclosures of the parties, and the extent or boundaries within which each party may have exercised acts of ownership." The entries made by the surveyor show that the enclosures or encroachments were within the strip of land claimed by both parties. Special ground 1, assigning error on the admission of the plat, was properly overruled.

■ The court charged the jury as follows: "Before a boundary line between adjoining landowners can be established, by oral negotiations and expressions as to intention, the description contained in their deed must be indefinite and ambiguous and there must be a dispute over an unascertained dividing line but where the description contained in their respective deeds are definite and unambiguous oral agreements are not binding upon the parties." Special ground 3 asserts that this instruction was erroneous because (a) it eliminated from the consideration of the jury the question of establishing a line by acquiescence; (b) it eliminated the question of establishing a deed by oral evidence; (c) it was confusing and (d) it was not sound as an abstract principle of law. In *Warwick v. Ocean Pond Fishing Club*, 206 Ga. 680, 684 (58 SE2d 383) this court in a unanimous decision said: "Therefore we hold that the establishment of a dividing line by acquiescence is bottomed upon conclusive proof of an agreement, and stands upon the same basis as the establishment of such a line by express agreement, and that a prerequisite to either is that such a line be in dispute, uncertain, or unascertainable." See also *Horn v. Preston*, 217 Ga. 165 (2) (121 SE2d 775); *Hethcock v. Padgett*, 217 Ga. 328 (122 SE2d 213). The charge complained of immediately followed the court's charge on the law relating to establishing a dividing line

by acts and declarations of adjoining landowners and their acquiescence for seven years. The vice of the charge complained of is that before a boundary line between adjoining land owners can be established the description in their deeds must be indefinite *and* ambiguous *and* there must be a dispute over an unascertained dividing line according to the charge whereas a *dispute* alone between the parties would be a sufficient prerequisite to support an agreement to establish a dividing line by subsequent acquiescence for seven years.

The charge excepted to was error and requires the grant of a new trial.

■ Ground number 3 is an elaboration of the general grounds.

The verdict for the defendant was fully supported by the evidence.

*Judgment reversed. All the Justices concur.*